United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2007**

Charles R. Fulbruge III
Clerk

*In The United States Court Of Appeals
For The Fifth Circuit*

No. 05-10704

UNITED STATES OF AMERICA,

Plaintiff – Appellant,

v.

WALTER BRYAN HUBBARD,

Defendant – Appellee.

Appeal from the United States District Court
for the Northern District of Texas
3:04-CR-00220

Before GARZA,[*] PRADO, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Walter Bryan Hubbard was convicted under Oklahoma law[1] for attempting to make a series of lewd or indecent proposals to engage in unlawful sexual relations with a person he believed to be a fourteen-year-old girl. The person to whom he made such proposals over the internet and by phone was in fact an adult undercover agent, not a minor. Subsequently, Hubbard was convicted on an unrelated federal charge of distributing child pornography in

---

[*]Judge Garza concurs in the judgment only.

[1]OKLA. STAT. tit. 21, § 42 (2002); *id.* § 1123(A)(1) (2000) (amended 2002, 2003, & 2006).

violation of 18 U.S.C. § 2252A(a)(2) and sentenced to 97 months in prison. The only issue in the Government's appeal of that sentence is whether Hubbard's Oklahoma conviction was "a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor" within the meaning of 18 U.S.C. § 2252A(b)(1), and therefore, whether a mandatory minimum sentence should have been imposed in this case. Because the mandatory minimum sentence of fifteen years applies, we vacate Hubbard's sentence and remand for resentencing.

## I

FBI agents found images of child pornography stored on Hubbard's computer when they executed a search warrant at a home in Garland, Texas where Hubbard, a registered sex offender, was living. Hubbard admitted to the agents that, using the Yahoo! screen name "youngrllovers2003," he had transmitted child pornography images over the internet. The government charged Hubbard with violating 18 U.S.C. § 2252A(a)(2), alleging that he distributed at least eight images depicting "minors engaged in sexually explicit conduct, sadistic and masochistic abuse, and the lascivious exhibition of the genitals and pubic area . . . ." Hubbard pleaded guilty to the charge.

In the presentence report (PSR), United States Probation calculated Hubbard's total offense level at 30, which, with a criminal history category of II, would yield an advisory Guidelines sentencing range of 108 to 135 months.[2] The government conceded at the

---

[2]*See* UNITED STATES SENTENCING GUIDELINES MANUAL (U.S.S.G.) ch. 5, pt. A (2003) (sentencing table).

2

sentencing hearing that Hubbard qualified only for a 2-level enhancement under section 2G2.2(b)(2)(E)[3] rather than a 5-level enhancement under section 2G2.2(b)(2)(B)[4] that the PSR had assessed. This resulted in an advisory Guidelines' range of 78 to 97 months.[5]

However, the PSR had concluded that a mandatory minimum sentence of fifteen years (180 months) should be imposed based on 18 U.S.C. § 2252A(b)(1) because Hubbard had a prior state conviction for attempting to make lewd or indecent proposals to a child under the age of 16 by attempting to make proposals to engage in unlawful sexual relations. According to the PSR, in January 2002, Hubbard communicated with a person on the internet whom he thought was a 14-year-old girl named "Amber Davis." Hubbard suggested that the two go to a hotel in Altus, Oklahoma to engage in various sex acts, including intercourse, and "Amber" agreed. Unbeknownst to Hubbard, "Amber" was actually an undercover detective, and Hubbard was arrested in a grocery store parking lot when he attempted to meet her as planned. Hubbard subsequently pleaded guilty to violations of title 21, sections 1123 and 42 of the Oklahoma Code, and received a 10-year, suspended sentence. The PSR concluded that this conviction was a "prior conviction under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor" within the meaning of 18 U.S.C. § 2252A(b)(1) and thus that Hubbard should receive that section's fifteen-year

---

[3]*Id*. § 2G2.2(b)(2)(E) (providing an enhancement for distribution of material involving the sexual exploitation of a minor).

[4]*Id*. § 2G2.2(b)(2)(B) (providing an enhancement for "[d]istribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain").

[5]*Id.* ch. 5, pt. A.

3

mandatory minimum sentence.

The district court rejected the PSR's recommendation in this regard, holding that the terms "sexual abuse" and "abusive sexual conduct," as used in § 2252A(b)(1), required "some unlawful physical contact between a defendant and the defendant's victim"[6] and that Hubbard's Oklahoma conviction did not involve such contact. The district court further held that "relating to" did not mean "attempting to" and that a conviction for "soliciting sex from a person the Defendant believed to be under sixteen" would not qualify under § 2252A(b)(1).[7] The court held "if Congress intended 18 U.S.C. § 2252A(b)(1) to compel a fifteen-year minimum sentence for any person who made a lewd proposal to a person he believed to be a minor, additional language would be required."[8] The district court found that Hubbard's total offense level was 27 and sentenced him at the top of the advisory Guidelines range, to 97 months imprisonment. The government appeals, arguing that Hubbard is subject to the mandatory minimum sentence.

## II

We review the district court's interpretation of a federal statute,[9] as well as its

---

[6]*United States v. Hubbard*, No. 3:04-CR-00220, 2005 WL 936965, at *2 (N.D. Tex. Apr. 20, 2005).

[7]*Id.*

[8]*Id*.

[9]*United States v. Willingham*, 310 F.3d 367, 370-71 (5th Cir. 2002).

4

determinations regarding a prior conviction, *de novo*.[10] Hubbard pleaded guilty to violating

18 U.S.C. § 2252A(a)(2).[11] Subsection (b)(1) of § 2252A specifies a mandatory minimum

sentence for a violation of subsection (a)(1) if there has been a prior conviction under certain

state or federal laws:

> (b)(1) Whoever violates, or attempts or conspires to violate, paragraph (1), (2), (3), (4), or (6) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, but, if such person has a prior conviction under this chapter, chapter 71, chapter 109A, chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years.[12]

---

[10]*United States v. Izaguirre-Flores*, 405 F.3d 270, 272 (5th Cir.), *cert. denied*, 126 S. Ct. 253 (2005).

[11]Section 2252A(a)(2) provides:

(a)     Any person who –

. . . .

(2)     knowingly receives or distributes –
(A)     any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer; or
(B)     any material that contains child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer;

. . . .

shall be punished as provided in subsection (b).

[12]18 U.S.C. § 2252A(b)(1) (2000 suppl. 4) (amended 2006).

The question before us is whether Hubbard's prior Oklahoma conviction is "a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor."[13] Hubbard was convicted for attempting to commit[14] the following crime under Oklahoma law:

> Any person who shall knowingly and intentionally . . . [m]ake any oral, written or electronically or computer-generated lewd or indecent proposal to any child under sixteen (16) years of age for the child to have unlawful sexual relations or sexual intercourse with any person . . . upon conviction, shall be deemed guilty of a felony and shall be punished by imprisonment in the State Penitentiary for not less than one (1) year nor more than twenty (20) years. The provisions of this section shall not apply unless the accused is at least three (3) years older than the victim.[15]

---

[13]*Id.*

[14]OKLA. STAT. tit. 21, § 42(1) (2002) ("Every person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempt, as follows: 1. If the offense so attempted be punishable by imprisonment in the penitentiary for four (4) years or more, or by imprisonment in a county jail, the person guilty of such attempt is punishable by imprisonment in the penitentiary, or in a county jail, as the case may be, for a term not exceeding one-half (1/2) the longest term of imprisonment prescribed upon a conviction for the offense so attempted.").

[15]OKLA. STAT. tit. 21, § 1123(A)(1), (C) (2000) (amended 2002, 2003, & 2006). After Hubbard committed the offense and the Information was issued (in January 2002), but before Hubbard pleaded guilty to the offense, the state statute was amended to read:

> Any person who shall knowingly and intentionally . . . [m]ake any oral, written or electronically or computer-generated lewd or indecent proposal to any child under sixteen (16) years of age, *or other individual the person believes to be a child under sixteen (16) years of age,* for the child to have unlawful sexual relations or sexual intercourse with any person . . . upon conviction, shall be deemed guilty of a felony . . . .

OKLA. STAT. tit. 21, § 1123(A)(1), (C) (effective July 1, 2002) (amended 2003 & 2006) (emphasis added). Hubbard was convicted of an attempt to violate the version of the statute in effect on the date of his offense.

6

The state-court judgment reflects that Hubbard pleaded guilty to two counts contained in the "Information" in the state court proceedings. One of those counts was that he had attempted to make a series of lewd or indecent proposals to a person he believed to be 14 years old in an attempt to engage in unlawful sexual relations.[16] The state-court judgment also reflects that Hubbard pleaded guilty to "Attempting to Make Lewd or Indecent Proposals to a Child Under Sixteen."

## III

We first address the district court's determination that Hubbard's Oklahoma conviction was not one "involving a minor" within the meaning of 18 U.S.C. § 2252A(b)(1) because no minor was actually involved in his crime. We disagree with the district court's construction of § 2252A(b)(1).

When a statute criminalizes conduct because the victim or intended victim is a minor, we have held that it is of no moment that the person with whom a defendant attempted to engage in prohibited conduct was actually an adult as long as the defendant believed the

---

[16]The Information provided in pertinent part:

That the said defendant did from the dates of January 8, 2002 to January 12, 2002 commit the crime of ATTEMPTING TO MAKE THE LEWD OR INDECENT PROPOSALS TO A CHILD UNDER SIXTEEN, a felony, while engaged in communications via the internet and telephone, by attempting to make a series of lewd or indecent proposals to a person he believed to be a fourteen (14) year old girl named "Amber Davis", to engage in unlawful sexual relations contrary to the form and the statute in such cases made and provided against the peace and dignity of the State of Oklahoma.

intended victim to be a minor and there is proof of two elements.[17] Those are that (1) "the defendant acted with the kind of culpability otherwise required for the commission of the underlying substantive offense" and (2) "the defendant had engaged in conduct which constitutes a substantial step toward commission of the crime. The substantial step must be conduct which strongly corroborates the firmness of defendant's criminal attempt."[18] In *United States v. Farner*, the defendant was convicted under 18 U.S.C. § 2422(b) for attempting to persuade and entice a minor to engage in criminal sexual activity.[19] For three months, Farner communicated over the internet and by telephone with "Cindy," a person he believed to be a 14-year-old girl.[20] He made arrangements with "Cindy" to meet her to engage in sexual activity.[21] We held, based on evidence of acts he took to pursue this intent, that Farner had violated 18 U.S.C. § 2422(b),[22] even though "Cindy" was an adult FBI

---

[17]*See United States v. Farner*, 251 F.3d 510, 513 (5th Cir. 2001).

[18]*Id.*

[19]*Id.* at 511.

[20]*Id.*

[21]*Id.*

[22]When *Farner* was decided, § 2422(b) provided:

> (b)      Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, *or attempts to do so*, shall be fined under this title, imprisoned not more than 15 years, or both.

18 U.S.C. § 2422(b) (2000) (amended 2003 & 2006) (emphasis added).

agent.[23]  Other circuit courts of appeals have similarly reached the conclusion that federal statutes criminalizing conduct aimed at minors does not require the intended victim to be an actual minor when the requisite intent is present.[24]

## IV

The district court held, and Hubbard maintains, that Hubbard's prior state conviction must involve actual sexual contact to qualify as "a prior conviction . . . under the laws of any State relating to aggravated sexual assault, sexual abuse, or abusive sexual conduct involving a minor."[25]  In construing 18 U.S.C. § 2252A(b)(1), we consider the provision in its entirety. It imposes the mandatory minimum sentence for a variety of prior convictions.  The mandatory minimum is imposed for convictions under federal law for numerous offenses including those–

- under chapter 71 of title 18 involving obscene matter, materials or language, including, but not limited to, the transfer of obscene material to minors;[26]

- under chapter 109A of title 18 involving sexual abuse of adults or minors;[27]

---

[23]*Farner*, 251 F.3d at 511 & 513.

[24]*See United States v. Helder*, 452 F.3d 751, 756 (8th Cir. 2006); *United States v. Tykarsky*, 446 F.3d 458, 461 (3d Cir. 2006) ("[W]e join several sister courts of appeals in holding that the involvement of an actual minor, as distinguished from a government decoy, is not a prerequisite to conviction under 18 U.S.C. § 2422(b) (actual or attempted persuasion of a minor to engage in illicit sexual activity) or 18 U.S.C. § 2423(b) (traveling for the purpose of engaging in illicit sexual activity)."); *United States v. Sims*, 428 F.3d 945, 959-60 (10th Cir. 2005); *United States v. Meek*, 366 F.3d 705, 717-20 (9th Cir. 2004); *United States v. Root*, 296 F.3d 1222, 1227 (11th Cir. 2002).

[25]18 U.S.C. § 2252A(b)(1) (2000 suppl. 4) (amended 2006).

[26]*Id*. §§ 1460-1470.

[27]*Id*. §§ 2241-2248.

9

- under chapter 110 of title 18 for sexual exploitation and other abuse of minors;[28]

- under chapter 117 of title 18 for transportation of adults or minors for illegal sexual activity;[29] or

- under section 920 of title 10 for rape or carnal knowledge.[30]

Prior federal convictions for which the mandatory minimum sentence is imposed are not limited to offenses in which there was actual sexual contact between a defendant and the victim. We discern no intent on the part of Congress to impose such a limitation with regard to prior convictions under state law. Some of the non-contact conduct criminalized by the foregoing federal statutes would also constitute criminal conduct under many states' laws "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor."

Additionally, § 2252A(b)(1) refers to prior convictions under state laws "relating to" abusive sexual conduct involving a minor, among other offenses.[31] We must assume that Congress chose the words "relating to" for a purpose. As the Supreme Court said in another context in *Morales v. Trans World Airlines*, "The ordinary meaning of these words [relating to] is a broad one–'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with,' Black's Law Dictionary 1158 (5th ed.

---

[28]*Id*. §§ 2251-2260.

[29]*Id*. §§ 2421-2427.

[30]10 U.S.C. § 920 (2000 suppl. 4).

[31]18 U.S.C. § 2252A(b)(1) (2000 suppl. 4) (amended 2006).

1979) . . . ."[32]

# V

Hubbard asserts that a state-law conviction will not trigger a minimum sentence under 18 U.S.C. § 2252A(b)(1) unless that prior conviction related to "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor" as defined by federal law. In construing other federal statutes, we have said that we "properly assume, absent sufficient indication to the contrary, that Congress intends the words in its enactments to carry their ordinary, contemporary, common meaning."[33]

If Congress intended "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor," when used in 18 U.S.C. § 2252A(b)(1), to have their ordinary, common, meaning, we would examine the state law under which a prior conviction was obtained to determine whether that conviction was for one of these generic offenses.[34] The question is whether there is sufficient indication that Congress indicated something other than the generic definitions of the terms it used.

The terms "aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct

---

[32]504 U.S. 374, 383 (1992) (construing § 1305(a)(1) of the Airline Deregulation Act of 1978, 49 U.S.C. § 1305(a)(1), that prohibited states from "enact [ing] or enforc[ing] any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier . . . ").

[33]*United States v. Zavala-Sustaita*, 214 F.3d 601, 604 (5th Cir. 2000) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P-ship*, 507 U.S. 380, 388 (1993)) (internal quotations omitted).

[34]*See generally Shepard v. United States*, 544 U.S. 13 (2005); *Taylor v. United States*, 495 U.S. 575 (1990).

11

involving a minor" are not defined in the chapter in which § 2252A is found, which is chapter 110. Definitions for chapter 110 are contained in § 2256, and the only word used in the phrase at issue that is defined in § 2256 is "minor," defined as "any person under the age of eighteen years."[35]

There are, however, three sections found in another chapter of title 18, chapter 109A, that are denominated, respectively, "Aggravated sexual abuse,"[36] "Sexual abuse,"[37] and "Sexual abuse of a minor or ward."[38] We are not persuaded, however, that Congress intended to import the elements of the offenses delineated in these sections of chapter 109A into § 2252A(b)(1) to define the state convictions that would cause the minimum sentence to apply.[39] Instead, it appears that Congress intended the terms "aggravated sexual abuse, sexual abuse, or abusive sexual conduct" to be generic terms, describing generic offenses, particularly since Congress also included within the scope of § 2252A(b)(1) convictions for violations of state laws relating to "the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography" without any reference to

---

[35] 18 U.S.C. § 2256(1) (2000 suppl. 4).

[36] 18 U.S.C. § 2241 (2000 suppl. 4) (amended 2006).

[37] *Id*. § 2242.

[38] *Id*. § 2243.

[39] *See also United States v. Harding*, 172 Fed. Appx. 910, 913 (11th Cir.) (construing and applying 18 U.S.C. § 2252(b)(2), which is substantially similar to § 2252A(b)(1), and holding, "We reject Harding's attempt to engraft the requirements of § 2243 on to § 2252(b)(2). While § 2243 may 'define' the federal crime of 'Sexual abuse of a minor,' it is not a definitional provision applicable to § 2252"), *cert. denied*, 127 S. Ct. 88 (2006).

United States Code provisions governing child pornography.[40]

Additionally, we held in *United States v. Zavala-Sustaita*, that "sexual abuse of a minor," as used in 8 U.S.C. § 1103(a)(43)(A), should be given its "'ordinary, contemporary, common' reading,"[41] and thus that "sexual abuse of a minor" included a conviction under state law for knowingly exposing one's genitals to a minor for sexual arousal or gratification.[42] We rejected the argument that "sexual abuse of a minor" should be limited to the federal offense of "sexual abuse of a minor or ward" proscribed in 18 U.S.C. § 2243.[43] Our reasoning was based in part on the fact that in defining other offenses in the same section, Congress had specifically referenced provisions of the United States Code but had not done so with respect to "sexual abuse of a minor." We noted that § 1101(a)(43) defined an aggravated felony as "murder, rape, or sexual abuse of a minor" in subpart (A), but referenced specific federal Code sections in subparts (B), (F), and (P), among many other Code references.[44]

---

[40]18 U.S.C. § 2252A(b)(1) (2000 suppl. 4) (amended 2006).

[41]214 F.3d 601, 604 (5th Cir. 2000).

[42]*Id*. at 604-07.

[43]*Id*. at 606 n.8.

[44]The subsections of 8 U.S.C. § 1101(a)(43) cited and contrasted in *Zavala-Sustaita* provided:

(43) The term "aggravated felony" means– . . .

(A) murder, rape, or sexual abuse of a minor;

(B) illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18);

Our conclusion that "aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct involving a minor" are generic terms and were not intended to require a state offense to mirror an offense under 18 U.S.C. §§ 2241, 2242, or 2243 is buttressed by the recent decision in *Lopez v. Gonzales*.[45] In *Lopez* the Supreme Court construed the term "aggravated felony," as used in 8 U.S.C. § 1101(a)(43)(B), a provision of the Immigration and Nationality Act.[46] An "aggravated felony" is defined in § 1101(a)(43) by a long list of offenses that includes "'illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of Title 18).'"[47] The Supreme Court held that to constitute an aggravated felony under § 1101(a)(43)(B), the prior state offense must constitute either "illicit trafficking in a controlled substance," which "ordinarily . . . means

. . . .

(F) a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [sic] at least one year;

. . . .

(P) an offense (i) which either is falsely making, forging, counterfeiting, mutilating, or altering a passport or instrument in violation of section 1543 of Title 18 or is described in section 1546(a) of such title (relating to document fraud) and (ii) for which the term of imprisonment is at least 12 months, except in the case of a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter. . . .

[45]127 S. Ct. 625 (2006).

[46]*Id.* at 627-28.

[47]*Id.* (quoting 8 U.S.C. § 1101(a)(43)(B)).

14

some sort of commercial dealing,"[48] or a "drug trafficking crime" as defined in 18 U.S.C. § 924(c), which means the state offense must be punishable under the Controlled Substances Act as a federal felony.[49]

The Supreme Court concluded that the phrase "illicit trafficking in a controlled substance," as used in 8 U.S.C. § 1101(a)(43)(B), was a "general"[50] and "generic" term,[51] and thus looked to "the everyday understanding of 'trafficking'" and "regular usage" to determine what Congress meant with regard to that phrase in § 1101(a)(B)(43). But within the same sentence in § 1101(a)(B)(43), Congress also specified a federal statute, 18 U.S.C. § 924(c), as a basis for defining what state offenses would constitute an aggravated felony. By examining the language Congress used, the Court concluded that one definition of an "aggravated felony" was a generic term and common understanding must be used, while the other definition required resort to elements of specific federal crimes.[52]

The statute before us today, 18 U.S.C. § 2252A(b)(1), is analogous to 8 U.S.C.

---

[48]*Id*. at 630.

[49]*Id*. at 633 (reasoning that, because 18 U.S.C. § 924(c) defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act [CSA]," a state offense must be punishable as a federal felony under the CSA).

[50]*Id*. at 631-32 ("[I]f Lopez's state crime actually fell within the general term 'illicit trafficking,' the state felony conviction would count as an 'aggravated felony,' regardless of the existence of a federal felony counterpart . . . .").

[51]*Id*. at 632 ("It may not be all that remarkable that federal consequences of state crimes will vary according to state severity classification when Congress describes an aggravated felony in generic terms, without express reference to the definition of a crime in a federal statute (as in the case of 'illicit trafficking in a controlled substance').").

[52]*Id.* at 630-31.

§ 1101(a)(B)(43) in this regard. From the language Congress chose, we can discern its intent: a prior conviction for certain federal offenses warrants a minimum sentence, and a prior conviction for a variety of generic offenses under state law warrants a minimum sentence as well.

## VI

Hubbard argues that the rule of lenity should be applied because, he contends, 18 U.S.C. § 2252A(b)(1) is "opaque and ambiguous" in that it does not clearly impose a fifteen-year minimum sentence when a lewd proposal was made to a person the defendant believed to be a minor but who was in fact an adult. As considered above, the statute is not ambiguous in this regard, and the rule of lenity is not implicated.[53]

In any event, § 2252A(b)(1) does not require aggravated sexual abuse or sexual abuse of a minor. Read in context, the phrase "involving a minor" modifies only "abusive conduct." We are persuaded this was the intent of Congress, not simply because of the placement of the phrase "involving a minor," but because the enumeration of prior federal offenses that will also give rise to a mandatory minimum sentence expressly includes sexual abuse of adults or minors.[54] Statutes must be read in there entirety. It would be unreasonable

---

[53]*See Muscarello v. United States*, 524 U.S. 125, 138 (1998) (observing that "[t]he rule of lenity applies only if, after seizing everything from which aid can be derived, . . . we can make no more than a guess at what Congress intended" (internal quotations omitted)).

[54]*See* 18 U.S.C. § 2252A(b)(1) (2000 suppl. 4) (amended 2006); *see also United States v. Rezin*, 322 F.3d 443, 448 (7th Cir. 2003) (reaching the same conclusion, reasoning "it would have been strange had Congress on the one hand authorized heavier punishment for offenders who had a prior *federal* conviction for a sexual crime whether or not it involved a minor, and on the other hand insisted that if the prior conviction had been for a state offense, even one identical to one of the

to conclude that Congress would want to impose a minimum sentence on defendants convicted under a federal law, but not those convicted for precisely the same conduct under state law, when Congress included references to both federal and state laws in prescribing when a minimum sentence applies. Hubbard was convicted under a state law relating to sexual abuse. The minimum fifteen-year sentence applies.

\* \* \* \* \*

We hold that Hubbard's prior state-law conviction subjects him to the fifteen-year, mandatory minimum sentence in 18 U.S.C. § 2252A(b)(1) and accordingly VACATE his sentence and REMAND for resentencing.

---

enumerated federal offenses, the victim had to be a minor").