United States Court of Appeals
Fifth Circuit

**F I L E D**

May 9, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30863
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES C. WELLES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
UDC No. 3:05-CR-138-1
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

James C. Welles pleaded guilty to on one count of
transporting child pornography and two counts of possession of
child pornography. Welles argues that the district court erred
in using his 2000 New York conviction for attempted possession of
a sexual performance by a child to enhance his sentence under 18
U.S.C. §§ 2252(b)(1) and (2). Both sections provide for
increased penalties if the defendant has a prior conviction
"relating to" a list of offenses consisting of "aggravated sexual
abuse, sexual abuse, or abusive sexual conduct involving a minor

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children." 18 U.S.C. §§ 2252(b)(1) and (2). Welles argues that the statute does not allow for an increased penalty based on a prior attempt offense. The Government argues that the plain reading of the statute provides for the enhanced penalty because the phrase "relating to" includes attempt offenses for the listed crimes. This is a question of statutory construction which is reviewed de novo. See United States V. Phillips, 303 F.3d 548, 550 (5th Cir. 2002).

Whether the phrase "relating to" gives a clear indication that Congress intended for the penalties for a violation of 18 U.S.C. § 2252A to be increased for a prior attempt crime has been decided by this court in United States v. Hubbard, No. 05-10704, slip op. 1-17 (5th Cir. Feb. 23, 2007). The panel in Hubbard cited Morales v. Trans World Airlines, Inc., 504 U.S. 374, 383 (1992), to hold that the phrase "related to" is to be interpreted broadly. Hubbard, No. 05-10704, slip op. at 10-11. The panel rejected the application of the rule of lenity to 18 U.S.C. § 2252A(b)(1) because the statute is not ambiguous. Id. at 16. Hubbard addressed the language of 18 U.S.C. § 2252A(b)(1), but the language in 18 U.S.C. § 2252(b)(1) and 18 U.S.C. § 2252(b)(2) in question in this case is essentially identical with respect to whether the statute may be interpreted to provide an enhanced penalty for a prior offense of attempt that is "related to" one

of the generic offenses listed. The reasoning of <u>Hubbard</u> is compelling. The use of Welles's 2000 New York conviction for attempted possession of sexual performance by a child to enhance his sentence under 18 U.S.C. §§ 2252(b)(1) and (2) was not error.

Welles argues that his prior conviction from New York could not be used to enhance his current sentence because the prior conviction was the result of an unknowing and involuntary plea. The district court overruled this collateral attack at sentencing based on <u>Curtis v. United States</u>, 511 U.S. 485 (1994), that such a collateral attack was not available under the language of 18 U.S.C. § 2252. Welles has not shown that the district court erred on this point.

AFFIRMED.