

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-31-2009

# USA v. William Morehouse

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1136

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"USA v. William Morehouse" (2009). *2009 Decisions.* Paper 1637.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1637

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1136

_____

UNITED STATES OF AMERICA

Appellee,

v.

WILLIAM MOREHOUSE,

Appellant.

_____

On Appeal from United States District Court
for the District of New Jersey
(D.C. No.: 2:07-cr-00604)
District Judge: Honorable Katharine S. Hayden

_____

Submitted Under Third Circuit LAR 34.1(a)
January 5, 2009

Before: CHAGARES, HARDIMAN, *Circuit Judges* and GARBIS,[*] *District Judge.*

(Filed: March 31, 2009)

_____

* The Honorable Marvin J. Garbis, Senior District Judge for the United States
District Court for the District of Maryland, sitting by designation.

_____

OPINION OF THE COURT

_____

GARBIS, *District Judge.*

Appellant, William Morehouse ("Morehouse"), convicted on a plea of guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B),[1] appeals from the imposition of a 120-month sentence.

For the reasons set forth herein, we affirm.

I.

Because we write exclusively for the parties, we will recount only those facts essential to our decision.

In 2006, Immigration and Customs Enforcement ("I.C.E.") agents, as part of "Operation Predator," focused on an internet site that offered subscribers access to child pornography. I.C.E. agents identified Morehouse as a subscriber, searched the hard drive of his computer and found more than 250 images of child pornography.

Morehouse was charged and agreed to plead guilty to a violation of § 2252A(a)(5)(B). The plea agreement referred to the possibility of an enhanced sentence under subsection (b)(2) of § 2252A[2] that provides:

---

[1]  Statutory references herein are to Title 18 of the United States Code except when there is specific reference to Colorado Revised Statutes, Colo. Rev. Stat.

[2]  Subsection references are to subsections of 18 U.S.C. § 2252A.

2

> Whoever violates . . . subsection (a)(5) shall be . . . imprisoned not more than 10 years, . . . , but, if such person has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . such person shall be . . . imprisoned for not less than 10 years nor more than 20 years.

At sentencing, the Government submitted evidence that, in 1977, Morehouse had been convicted of sexual assault on a child in violation of a Colorado statute that then [3] provided:

> Any actor who subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than 15 years of age and the actor is at least four years older than the victim.

Colo. Rev. Stat. § 18-3405(1) (1973 & 1976 Cum. Supp.).

The sentencing judge held that the conviction rendered Morehouse subject to an enhanced sentence under subsection (b)(2) and imposed the mandatory minimum 120-month sentence.

On appeal, Morehouse contends, that:

1. The Colorado offense was not a predicate offense under subsection (b)(2).

2. The sentencing judge should have made an inquiry beyond an examination of the text of the Colorado statute.

3. Judicial fact finding of a prior conviction violated his Sixth Amendment right to trial by jury.

---

[3] The statute was later amended to add the requirement that the offense was committed knowingly.

In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court held that the determination of whether a prior conviction qualifies as a predicate offense for purposes of the Armed Career Criminal Act ("ACCA"), § 924(e), requires a "formal categorical approach," meaning that sentencing courts must look "only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." 495 U.S. at 600. However, in a narrow range of cases, such as those in which there has been a conviction under a statute that could criminalize conduct broader than that subject to enhancement, courts may look beyond the statutory definition to the "indictment or information and jury instructions." *Id.* at 602.

In *Shepard v. United States*, 544 U.S. 13 (2005), the Supreme Court addressed the question of what a sentencing judge should consider when determining whether a prior conviction for burglary qualified as a predicate offense under ACCA, a determination that could not be made solely based upon the statutory text. The Supreme Court held that, in such an inquiry, the sentencing court is limited to reviewing "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id.* at 26.

Although *Taylor* and *Shepard* arose under the ACCA, we have applied the *Taylor*/*Shepard* framework in other contexts. *See United States v. Siegel*, 477 F.3d 87, 90-93 (3d Cir. 2007) (determining whether a prior offense qualifies as a crime of violence

4

under USSG § 4B1.2) and *United States v. Galo*, 239 F.3d 572, 578-79, 581-83 (3d Cir. 2001) (determining under § 2251(d) whether a prior conviction was one "relating to the sexual exploitation of children"). Therefore, the *Taylor*/*Shepard* framework should be applied in the instant case.

Morehouse argues that, because subsection (b)(2) defines its predicate offenses by using the words "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," there is a requirement that the prior conviction be for a crime that includes the elements of analogous federal offenses, *i.e.* § 2241 (aggravated sexual abuse), § 2242 (sexual abuse), and § 2243 (sexual abuse of a minor or ward). Each of these federal sex crimes could be committed only if the defendant acted "knowingly." The Colorado statute under which Morehouse had been convicted did not include an element that the offense be committed knowingly. Thus, Morehouse argues, the Colorado statute could have been violated by actions that would not constitute a predicate offense under subsection (b)(2). Hence, the sentencing judge should have undertaken a *Shepard* inquiry looked outside the text of the Colorado statute.

This Court agrees with the other circuits that have rejected the notion that the terms in subsection (b)(2) must be defined by reference to federal sex crimes. *See United States v. Sinerius*, 504 F.3d 737, 742 (9th Cir. 2007) (considering § 2252A(b)(1), a provision materially indistinguishable from § 2252A(b)(2)); *United States v. Hubbard*, 480 F.3d 341, 348 (5th Cir. 2007) (considering the same provision).

5

This Court holds that the sentencing judge was not required to find that the specific conduct for which Morehouse was convicted would constitute a violation of specific federal statutes. Rather, to apply the enhancement under subsection (b)(2), the sentencing judge need only have concluded that the Colorado statute *relates to* "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." *Galo*, 239 F.3d at 581.

The Supreme Court has defined the phrase "relating to" as meaning "to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383-84 (1992) (citing Black's Law Dictionary 1158 (5th ed. 1979)). This Court has also given a broad interpretation to the term "relating to." *See, e.g.*, *Yong Wong Park v. Attorney General*, 472 F.3d 66, 72 (3d Cir. 2006) (interpreting 8 U.S.C. § 1101(a)(43)(R)).

In the instant case, it was appropriate for the sentencing judge to apply a "formal categorical approach," and look "only to the statutory definition[ ] of the prior offense[ ], and not to the particular facts underlying th[at] conviction[ ]." *Taylor*, 495 U.S. at 600. The Colorado statute under which Morehouse was convicted defined a crime that was related to "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward.". Thus, the sentencing judge properly concluded that Morehouse was subject to an enhanced sentence under § 2252A(b)(2).

II.

Morehouse, hoping that there will be a change in the current state of the law, contends that the sentencing judge violated his Sixth Amendment right to trial by jury by finding the fact of his prior conviction. In light of the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) and our decision in *United States v. Vargas*, 477 F.3d 94 (3d Cir. 2007), we must reject this claim. Although the Supreme Court has questioned its decision in *Almendarez-Torres*, it has yet to be overruled. *See*, *e.g.*, *Shepard*, 544 U.S. at 27 (Thomas, J., concurring) (arguing "a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided"); *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (explaining "it is arguable that *Almendarez-Torres* was incorrectly decided"). Thus, *Almendarez-Torres* continues to bind our decisions.

For the foregoing reasons, we affirm the judgment of the District Court.

7