**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.

No. 11-4709

RONALD OTTO COLSON,
      *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Mark S. Davis, District Judge.
(4:10-cr-00121-MSD-DEM-1)

Argued: May 17, 2012

Decided: June 25, 2012

Before NIEMEYER and GREGORY, Circuit Judges,
and HAMILTON,[1] Senior Circuit Judge.

Affirmed by published opinion. Judge Niemeyer wrote the
opinion, in which Judge Gregory joined.

---

[1]Because Senior Judge Hamilton did not participate in oral argument
due to illness, this decision is filed by a quorum of the panel, pursuant to
28 U.S.C. § 46(d).

## COUNSEL

**ARGUED:** Patrick L. Bryant, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Elizabeth Marie Yusi, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee. **ON BRIEF:** Michael S. Nachmanoff, Federal Public Defender, Alexandria, Virginia, Walter B. Dalton, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant. Neil H. Mac-Bride, United States Attorney, Alexandria, Virginia, for Appellee.

## OPINION

NIEMEYER, Circuit Judge:

Ronald Colson pleaded guilty to six counts of receiving movies depicting actual female minors engaged in actual and simulated genital and oral sex with adult males, in violation of 18 U.S.C. § 2252A(a)(2). Because Colson had a prior state conviction, which the district court concluded "related to either sexual abuse or abusive sexual conduct involving a minor," the court imposed, over Colson's objection, a 15-year mandatory minimum term of imprisonment, as provided by 18 U.S.C. § 2252A(b)(1). The prior conviction that the court relied on was a 1984 conviction under Virginia law for the "Production, Publication, Sale, or Possession, etc. of Obscene Items Involving Children," Va. Code Ann. § 18.2-374.1(B)(2) (1984).

Colson appeals his sentence, arguing that the 1984 conviction did not qualify as a predicate offense under § 2252A(b)(1). He contends that the district court erred as a matter of law because his 1984 conviction did not, when considered under the categorical approach, relate to sexual abuse

involving a minor. He notes that under the categorical approach, the sentencing court must, in evaluating whether the conviction qualifies as a predicate offense, focus on the elements of the offense and the fact of conviction, taking the most benign conduct that could support a conviction. Thus, he claims, with respect to his 1984 conviction, he could have been found guilty simply for producing "a lewd exhibition of nudity" of a minor, Va. Code Ann. § 18.2-374.1(A), where "nudity" is defined to include simply unclothed male genitals, *see* Va. Code Ann. § 18.2-390(2).

In developing his argument, Colson notes that under Virginia law, lewd and lascivious are synonyms and that lascivious means "a *state of mind* that is eager for sexual indulgence, desirous of inciting to lust or of inciting sexual desire and appetite." *Dickerson v. City of Richmond*, 346 S.E.2d 333, 336 (Va. Ct. App. 1986) (emphasis added). Because lascivious describes a state of mind, he argues, "The Virginia statute prohibiting 'lewd exhibition of nudity' could include a depiction of nudity inciting to lust or inciting to sexual desire regardless of whether that reaction was intended by the producer." Thus, he reasons, "Many depictions of otherwise innocuous nudity could incite lust in a viewer with sexual proclivities to children." According to Colson, because the statute arguably covers *innocuous depictions of nudity*, he could not be subject to a sentencing enhancement requiring a conviction that categorically relates to sexual abuse of a minor, as required by the federal enhancement statute, 18 U.S.C. § 2252A(b)(1).

We conclude that Colson misreads the requirements for a conviction under § 18.2-374.1 of the Virginia Code and reads too narrowly the scope of convictions that can serve as predicate offenses under 18 U.S.C. § 2252A(b)(1).

A person convicted of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2), as Colson was here, is subject to a minimum sentence of 5 years' imprisonment and a

maximum sentence of 20 years' imprisonment. *See* 18 U.S.C. § 2252A(b)(1). But if the person has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, . . . or the production . . . of child pornography," his sentence is enhanced, and he is subject to a minimum sentence of 15 years' imprisonment and a maximum sentence of 40 years' imprisonment. *See id.* In determining whether a prior conviction qualifies as a predicate offense for the enhancement, we apply the categorical approach. *See United States v. Spence*, 661 F.3d 194, 197-99 (4th Cir. 2011).

Under the categorical approach, we do not delve into the facts of the prior conviction but generally "look only to the fact of conviction and the statutory definition of the prior offense." *Shepard v. United States*, 544 U.S. 13, 17 (2005) (quoting *Taylor v. United States*, 495 U.S. 575, 602 (1990)). Under *Shepard*, however, the categorical approach has an exception which allows review of other documents involved in the prior conviction that might reveal the facts on which the conviction necessarily rested. *See id.* at 20-21. But in the present case, all of the court records of Colson's prior conviction had been destroyed due to the age of the conviction, *see* Va. Code Ann. §§ 16.1-69.55, 16.1-69.57, and thus the government presented no documents acceptable under *Shepard* that would allow consideration of the specific conduct that led to the Colson's conviction. We therefore look in this case "only to the statutory definition of the state crime and the fact of conviction to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies" as an offense "relating to" the predicate offenses listed in 18 U.S.C. § 2252A(b)(1). *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008).

At the time of Colson's prior conviction, the relevant Virginia statute provided:

> A person shall be guilty of a Class 5 felony who . . . [p]roduces or makes or attempts to prepare or pre-

pares to produce or make sexually explicit visual material which utilizes or has as a subject a person less than 18 years of age.

Va. Code Ann. § 18.2-374.1(B)(2) (1984). It defined "sexually explicit visual material" as "a picture, photograph, drawing, sculpture, motion picture, film, digital image or similar visual representation which depicts sexual bestiality, a lewd exhibition of nudity, . . . or sexual excitement, sexual conduct or sadomasochistic abuse . . . ." Va. Code Ann. § 18.2-374.1(A) (1984). The parties thus agree that at the time of Colson's conviction, § 18.2-374.1(B)(2) punished the production or attempted production of visual materials utilizing a minor or having a minor as a subject in five types of conduct: sexual bestiality, lewd exhibitions of nudity, sexual excitement, sexual conduct, and sadomasochistic abuse. And they agree further, as the district court assumed, that the "most innocent conduct" prohibited by the statute is the production of "lewd exhibitions of nudity" of a minor. Accordingly, we must determine whether a conviction for the lewd exhibition of nudity under Virginia Code, § 18.2-374.1(B) (1984) amounts to a conviction "relating to . . . sexual abuse or abusive sexual conduct involving a minor," or the "production . . . of child pornography." 18 U.S.C. § 2252A(b)(1). *See Johnson v. United States*, 130 S. Ct. 1265, 1269 (2010).

In *Diaz-Ibarra*, we defined the phrase "sexual abuse of a minor" as used in the Sentencing Guidelines to mean the "perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." 522 F.3d at 352. And this definition of "sexual abuse" is equivalent to the definition that other courts of appeals have employed in interpreting the language of 18 U.S.C. § 2252A. *See, e.g.*, *United States v. Sonnenberg*, 556 F.3d 667, 670 (8th Cir. 2009); *United States v. Sinerius*, 504 F.3d 737, 742-44 (9th Cir. 2007); *United States v. Hubbard*, 480 F.3d 341, 347-48 (5th Cir. 2007).

Employing the *Diaz-Ibarra* definition of sexual abuse, we conclude that a prior conviction for the production or attempted production of a "lewd exhibition of nudity" that utilizes a minor as its subject relates to sexual abuse and abusive sexual conduct involving a minor. The Virginia statute punishes the *lewd* exhibition of nudity, not just any exhibition of nudity, and the Virginia courts have consistently held that "lewd" entails more than simple nudity. In *Frantz v. Commonwealth*, 388 S.E.2d 273 (Va. Ct. App. 1990), the court, addressing the very statute under which Colson was convicted, held that nude pictures taken of young boys for sexual pleasure were not "lewd within the meaning of the statute" because there was "*no evidence that the boys assumed erotic or provocative poses*." *Id.* at 276 (emphasis added). *See also Freeman v. Commonwealth*, 288 S.E.2d 461, 466 (Va. 1982) ("[N]udity alone is not enough to make material legally obscene" (quoting *Jenkins v. Georgia*, 418 U.S. 153, 161 (1974))). Furthermore, the requirement that there be something beyond simple nudity applies even if the person producing the suspect image might have been aroused by simple nudity. *See, e.g.*, *Foster v. Commonwealth*, 369 S.E.2d 688, 697–98 (Va. Ct. App. 1988) (holding that a photograph of young girl's exposed nipples was not a lewd exhibition of nudity).

The hypothetical convictions postulated by Colson involving "innocent" or "innocuous" nude pictures of a minor are thus impossible under the Virginia courts' interpretation of the statute. *Innocuous* exhibitions of nudity do not violate § 18.2-374.1 because they are not "*lewd* exhibitions" and thus do not constitute the "sexually explicit visual materials" targeted by the Virginia statute.

Moreover, 18 U.S.C. § 2252A(b)(1) does not require that the predicate conviction *amount to* "sexual abuse" or "abusive sexual conduct involving a minor." Rather, a conviction qualifies as a predicate conviction merely if it *relates to* sexual abuse or abusive sexual conduct involving a minor or, indeed,

even to child pornography.[2] *See* 18 U.S.C. § 2252A(b)(1). The Supreme Court has emphasized that the "ordinary meaning of these words ['relating to'] is a broad one—'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'" *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) (quoting *Black's Law Dictionary* 1158 (5th ed. 1979)). Thus, we have little difficulty concluding that Colson's 1984 conviction for "[p]roduc[ing] or mak[ing] or attempt[ing] to prepare . . . to produce or make sexually explicit visual material which utilizes or has as a subject a person less than 18 years of age" under Virginia law "stands in some relation to," "pertains to," "concerns," or has a "connection" with the sexual abuse of children, as well as the production of child pornography.

Numerous courts of appeals agree that Congress chose the expansive term "relating to" in § 2252A(b)(1) to ensure that individuals with a prior conviction bearing some relation to sexual abuse, abusive conduct involving a minor, or child pornography receive enhanced minimum and maximum sentences. *See, e.g.*, *Sinerius*, 504 F.3d at 743 ("In short, § 2252A does not simply mandate a sentencing enhancement for individuals convicted of state offenses *equivalent* to sexual abuse. Rather, it mandates the enhancement for any state offense that stands in some relation, bears upon, or is associated with that generic offense"); *see also Sonnenberg*, 556 F.3d at 671; *Hubbard*, 480 F.3d at 347; *United States v. McCutchen*, 419 F.3d 1122, 1127 (10th Cir. 2005).

---

[2]The government has conceded that the definition of "sexually explicit visual materials" and "nudity" in the Virginia law encompasses conduct not included in the federal definition of "child pornography" because the Virginia definition includes lewd exhibitions of buttocks and female breasts while the federal definition is generally restricted to displays of sexual intercourse or the genital or pubic regions. *See* 18 U.S.C. § 2256(2)(A)-B) & 2256(8). While Colson's prior 1984 conviction does not constitute a prior conviction that is *equivalent to* the production of child pornography *under federal law*, the purposefully broad language of § 2252A(b)(1) does not require it to be so. It only requires that the predicate offense *relate to* child pornography.

At oral argument, Colson's counsel argued that because the language of the Virginia statute appeared to cover the prosecution of individuals who produce lewd exhibitions that have *fictional* children as their subject, a conviction under the statute would not qualify as a predicate offense under § 2252A(b)(1). But this argument fails to recognize that Virginia has not applied its statute to the circumstances that Colson posits. *See Freeman*, 288 S.E.2d at 465-66 ("Freeman also contends that the statute is overbroad because, he says, it sweeps within its purview 'artists and sculptors whose work requires no models at all more than imagination.' *The statute does not reach so far.* The conduct it defines is penalized *only when 'a person less than eighteen years of age' has been used as a model in the production of child pornography*" (emphasis added)); *see also United States v. King*, 673 F.3d 274, 279 (4th Cir. 2012) (when applying the categorical approach "we are bound by a state supreme court's interpretation of state law" (internal quotation marks and alterations omitted)). Moreover, Colson's argument would impermissibly require an unconstitutional construction of the Virginia statute. *See Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002) (finding the Child Pornography Prevention Act of 1996 unconstitutionally overbroad, in part, because it proscribed *virtual* child pornography involving imaginary children).

In short, the language of the Virginia statute and the fact of Colson's conviction demonstrate categorically that Colson was convicted in 1984 of producing or attempting to produce lewd visual material, utilizing a minor to assume an erotic or provocative pose. We conclude that a conviction on this conduct "relates to" the "physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." *See Diaz-Ibarra*, 522 F.3d at 352. Accordingly, we hold that Colson's prior 1984 conviction under Virginia Code § 18.2-374.1(B) categorically qualifies as the type of conviction Congress sought to include as a predicate conviction within 18 U.S.C. § 2252A(b)(1)'s broadly phrased sen-

tencing enhancement. The judgment of the district court is

*AFFIRMED*.