# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 4, 2025

Lyle W. Cayce
Clerk

No. 24-20303

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Harley Taylor,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-429-1

———————————————————————

Before Wiener, Willett, and Ho, *Circuit Judges*.

Per Curiam:[*]

Harley Taylor pleaded guilty to receiving and possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and (a)(5)(B). The district court sentenced him to two concurrent 17-year prison terms, followed by 20 years of supervised release. On appeal, Taylor challenges the district court's application of enhanced penalties in § 2252A(b)(1) and (b)(2). We AFFIRM.

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

I

In 2019, Taylor pleaded guilty to promoting child pornography in violation of Texas Penal Code § 43.26 and was sentenced to three years in prison. He was released on parole after serving less than a year. In May 2021, while Taylor was living at a halfway house for parolees, authorities discovered child pornography on his cell phone. Investigators found 185 images and approximately 2,184 video files depicting child sexual abuse material, including content involving bondage, bestiality, masochism, and sadism involving minor victims. Taylor had also used a messaging application to solicit and view additional child pornography.

A federal grand jury indicted Taylor on two counts: (1) receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B) and (b)(1) (Count One); and (2) possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (Count Two). Taylor pleaded guilty to both counts.

At his rearraignment hearing, Taylor agreed to the following statement as part of the factual basis for his guilty plea:

> The defendant is a registered sex offender who was previously convicted in 2019 while in Harris County for violations involving the possession with the intent to promote child pornography, a violation of Texas Penal Code [§] 43.26(e). Taylor was sentenced to serve three years in the Texas Department of Corrections and is currently serving a parole sentence for said offense.

Taylor confirmed that he understood his prior state sex offense could trigger enhanced penalties under § 2252A(b)(1) and (b)(2).

The probation office prepared a Presentence Investigation Report (PSR). The initial PSR described Count One (a violation of § 2252A(a)(2)(B)) as a Class C felony punishable by 5–20 years'

imprisonment and Count Two (a violation of § 2252A(a)(5)(B)) as a Class C felony punishable by up to 10 years. But the final PSR revised those designations to reflect the enhanced penalties in § 2252A(b)(1) and (b)(2): 15–40 years for Count One (now a Class B felony), and 10–20 years for Count Two (still a Class C felony).

The district court adopted the enhancements and sentenced Taylor to two concurrent terms of 17 years' imprisonment, followed by 20 years of supervised release. Taylor now appeals, arguing that the district court erred in applying the enhanced penalty ranges under § 2252A(b)(1) and (b)(2).

## II

Taylor concedes that he failed to timely object to the district court's application of the enhanced penalty ranges. As a result, we review the sentencing decision only for plain error. *United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003) ("Arguments raised for the first time on appeal are subject to the plain error standard."). To prevail under that standard, Taylor must show: "(1) the district court erred, (2) the error was plain, (3) the plain error affected his substantial rights, and (4) allowing the plain error to stand would 'seriously affect the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Bree*, 927 F.3d 856, 859 (5th Cir. 2019) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

## III

Taylor argues that the district court plainly erred in enhancing his sentence under § 2252A(b)(1) and (b)(2), asserting that his prior Texas conviction for possession of child pornography was not a qualifying predicate offense. We disagree.

When determining whether a previous conviction qualifies for sentence enhancement, we typically apply the "categorical approach." *United States v. Wikkerink*, 841 F.3d 327, 331 (5th Cir. 2016) (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)). Under that framework, we compare the elements of the statute of prior conviction to those of the federal offense—not the defendant's specific conduct. *United States v. Rodriguez*, 711 F.3d 541, 549 (5th Cir. 2013) (en banc); *see also Wikkerink*, 841 F.3d at 331–32 (citing *Descamps v. United States*, 570 U.S. 254, 257 (2013)). A prior conviction qualifies as a predicate offense for enhancement purposes "only if the statute's elements are the same as, or narrower than, those of the generic offense." *Descamps*, 570 U.S. at 257.

Taylor contends that the district court committed plain error by relying solely on the PSR to determine that his Texas conviction was a qualifying predicate. Taylor is right that if that were true, it would constitute "a clear and obvious error." *See Wikkerink*, 841 F.3d at 332. A PSR, after all, is not a definitive record of conviction, and a district court cannot rely exclusively on it to establish a predicate offense. *United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005). Instead, the court must look to *Shepard*-approved sources, including the statutory definitions, charging documents, plea agreements, and "any explicit factual finding by the trial judge to which the defendant assented." *Id.* (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)). That is precisely what happened here. At his rearraignment, Taylor expressly agreed that he was "a registered sex offender who was previously convicted in 2019 while in Harris County for violations involving the possession with the intent to promote child pornography, a violation of Texas Penal Code [§] 43.26(e)." Because the district court relied on Taylor's own judicial admissions—not merely the PSR—it did not plainly err.

Even if the district court placed undue weight on the PSR's description of Taylor's prior conviction, Taylor cannot show that the error

affected his substantial rights. To satisfy that burden, he must establish "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (internal quotations omitted). But here, regardless of which sources the court relied on, the result would have been the same. Under Texas law, promotion of—or possession with intent to promote—child pornography qualifies as a predicate offense for purposes of enhanced sentencing under § 2252A(b)(1) and (b)(2).

Sections 2252A(b)(1) and (b)(2) impose enhanced penalties for defendants who have "a prior conviction under . . . the laws of any State relating to . . . the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography." 18 U.S.C. § 2252A(b)(1). So the question is whether Taylor's Texas conviction under Penal Code § 43.26(e) "relat[es] to . . . the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography."

Section 43.26(e) criminalizes promoting or possessing with intent to promote child pornography material—defined as "visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct." *See* TEX. PENAL CODE § 43.26(a)(1), (e). The statute defines "sexual conduct" to include "sexual contact, actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola." *Id.* § 43.25(a)(2).

Taylor argues that his Texas conviction cannot serve as a qualifying predicate because the Texas definition of child pornography is broader than its federal counterpart. Like the Texas statute, federal law defines child pornography as "any visual depiction" involving a minor engaged in

"sexually explicit conduct." 18 U.S.C. § 2256(8)(A). But the federal definition of "sexually explicit conduct" is narrower than Texas's definition of "sexual conduct." Most notably, the federal statute defines such conduct to include "lascivious exhibition of the anus, genitals, or pubic area of any person" but omits any reference to the female breast—an act included under Texas law. 18 U.S.C. § 2256(2)(A). As we recently noted in an unpublished opinion, "[t]he Texas statute sweeps more broadly than the federal statute." *United States v. Nimaja-Pol*, No. 23-50245, 2023 WL 8184819, at *1 (5th Cir. Nov. 27, 2023) (per curiam).

*United States v. Nimaja-Pol*, however, is distinguishable. That case did not address whether Texas Penal Code § 43.26 qualifies as a predicate conviction under § 2252A(b)(1) and (b)(2). Instead, it considered whether the statute constituted an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(I)—a term defined by reference to offenses described in 18 U.S.C. §§ 2251, 2251A, or 2252. The enhancement provision at issue here is not so narrow. Sections 2252A(b)(1) and (b)(2) do not require that the prior conviction mirror any particular federal offense. Rather, they apply whenever a prior conviction is "under . . . the laws of any State relating to . . . the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography." 18 U.S.C. § 2252A(b)(1)–(b)(2) (emphasis added). That phrasing—"relating to"—signals a broader sweep. It requires only a connection to the specified conduct, not an element-by-element match. *See United States v. Hubbard*, 480 F.3d 341, 349 (5th Cir. 2007). As the Sixth Circuit has observed, "Unlike some other predicate-offense enhancements in the United States Code, the sentencing enhancement [requiring state offense to 'relate to' the described conduct] . . . does not require a perfect match between the predicate offense and enhancement-qualifying conduct." *United States v. Sykes*, 65 F.4th 867, 885 (6th Cir. 2023).

No. 24-20303

Although we have not previously addressed whether Texas Penal Code § 43.26 qualified as a predicate offense "relating to" child pornography under § 2252A(b)(1) and (b)(2), we have considered the scope of a neighboring phrase—"related to sexual abuse"—under those same provisions. *Hubbard*, 480 F.3d 341, 347–48. There, we emphasized that the "ordinary meaning" of "relating to" is "a broad one—to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with." *Id.* at 347 (internal citations omitted).

Applying that capacious definition here, promoting—or possessing with intent to promote—visual depiction of minors in the "lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola" plainly bears on, pertains to, and is connected with child pornography. That is true even if federal law defines child pornography somewhat more narrowly. Taylor's conviction under § 43.26(e) therefore qualifies as a predicate offense under § 2252A(b)(1) and (b)(2), and the district court committed no error—plain or otherwise—in applying the enhanced sentencing range.[1]

\*   \*   \*

The district court did not plainly err in relying on the factual basis of Taylor's plea agreement to apply the enhanced penalties under § 2252A(b)(1) and (b)(2). But even if it did, any such error did not affect

---

[1] Other circuits have addressed materially similar state laws and concluded that they qualify as predicate offenses. *See, e.g.*, *United States v. Box*, 960 F.3d 1025, 1026–27 (8th Cir. 2020) (per curiam); *United States v. Colson*, 683 F.3d 507, 511 & n.2 (4th Cir. 2012); *see also United States v. Liestman*, 97 F.4th 1054, 1062 (7th Cir. 2024) (en banc) ("[A] majority of circuits to have interpreted 'relating to' in § 2252(b)(1) and materially identical enhancements . . . have given that phrase its broad, ordinary meaning and permitted state offenses to serve as predicates despite some amount of overbreadth.").

No. 24-20303

Taylor's substantial rights, because his prior Texas conviction is categorically a qualifying predicate offense.

The district court's judgment is AFFIRMED.