# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30152

United States Court of Appeals
Fifth Circuit

**FILED**
October 31, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

AARON WIKKERINK,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Louisiana

Before CLEMENT, PRADO, and OWEN, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

Aaron Wikkerink pleaded guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). In calculating the range applicable to Wikkerink's offense under the U.S. Sentencing Guidelines (the "Guidelines"), the district court applied sentencing enhancements pursuant to § 2252A(b)(1) and U.S.S.G. § 4B1.5(a). On appeal, Wikkerink argues the district court erred in applying these sentencing enhancements to the calculation of his Guidelines range. Although the district court made a clear and obvious error that affected Wikkerink's substantial rights, we hold that the error does not seriously affect the fairness, integrity, or public reputation of judicial proceedings, and thus we AFFIRM.

No. 15-30152

## I. BACKGROUND

In October 2014, Wikkerink entered into an agreement in which he pleaded guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). A presentence report ("PSR") was subsequently prepared to assist the district court in determining the appropriate sentence. The PSR revealed that Wikkerink's only previous conviction was for the Louisiana offense of aggravated incest, for which he had been sentenced to an eight-year term of imprisonment. Wikkerink had committed the Louisiana offense by sexually molesting his seven-year-old niece.[1] Based on this prior conviction, the PSR indicated that § 2252A(b)(1) imposed a minimum term of imprisonment of 15 years and a maximum term of 40 years. The PSR also found that Wikkerink was a "repeat and dangerous sex offender against minors" within the meaning of U.S.S.G. § 4B1.5, which gave him an offense level of 34 and a criminal history category of V. After a three-level reduction for acceptance of responsibility, the PSR concluded that Wikkerink's total offense level was 31. Based on this total offense level and a criminal history category of V, the Guidelines range would have been 168 to 210 months. Because the statute of conviction imposed a mandatory minimum sentence, however, the PSR stated that the Guidelines range was 180 to 210 months.

During the sentencing hearing, the district court considered the recommendations made in the PSR and adopted the PSR's factual findings. The district court also stated that the maximum sentence under the Guidelines was 240 months, even though the PSR had calculated the maximum sentence as 210 months. The district court then imposed a sentence of 360 months of

---

[1] The PSR indicated that Wikkerink had molested an eight-year-old niece as well, but the record as supplemented on appeal shows that Wikkerink pleaded guilty to aggravated incest with respect to only one of his nieces, who was seven years of age at the time of the offense.

2

imprisonment and a five-year term of supervised release. The district court explained that this sentence, which was significantly above the Guidelines range, was just and reasonable under either U.S.S.G. § 5K2.0(a)(3) or 18 U.S.C. § 3553(a) because of Wikkerink's previous sex offense involving a child and the "very disturbing nature" and "high number" of pornographic videos and still images. Wikkerink orally objected to the sentence during the hearing, but he gave no reasons for his objection. After the sentence was imposed, Wikkerink timely appealed.

## II. STANDARD OF REVIEW

Wikkerink asserts that this Court should conduct a de novo review of the sentencing enhancements applied to the calculation of his Guidelines range. "To preserve an issue for review on appeal, the defendant's objection must fully apprise the trial judge of the grounds for the objection so that evidence can be taken and argument received on the issue." *United States v. Musa*, 45 F.3d 922, 924 n.5 (5th Cir. 1995). Wikkerink did not object to the PSR, which stated he was subject to sentencing enhancements under 18 U.S.C. § 2252A(b)(1) and U.S.S.G. § 4B1.5(a). At sentencing, Wikkerink's counsel stated that her client was "looking at, under the statutory guidelines or mandates, 15 to 40 years." And Wikkerink's generic objection after the district court imposed the sentence did not apprise the district court of the enhancement issues he raises on appeal. *See Musa*, 45 F.3d at 924 & n.5.

In cases such as this, where "the defendant has failed to make his objection to the guidelines calculation sufficiently clear, the issue is considered forfeited, and we review only for plain error." *United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). "Plain error occurs when: '(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights.'" *United States v. Gonzalez-Terrazas*, 529 F.3d 293, 296 (5th Cir. 2008) (quoting *United States v. Villegas*,

404 F.3d 355, 358 (5th Cir. 2005)). "If each of these conditions is satisfied, we may exercise our discretion to correct the error only if 'the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Garza-Lopez*, 410 F.3d 268, 272 (5th Cir. 2005)).

## III. DISCUSSION

Wikkerink argues that his previous Louisiana conviction for aggravated incest did not clearly constitute a qualifying "prior conviction" under 18 U.S.C. § 2252A(b)(1) or a "sex offense conviction" under U.S.S.G. § 4B1.5(a). Thus, he contends that the district court erred by applying sentencing enhancements to the calculation of his Guidelines range based on his previous state conviction.

Generally, courts employ a categorical approach when classifying a previous conviction for sentence enhancement purposes. *See Taylor v. United States*, 495 U.S. 575, 602 (1990). "Under the categorical approach, the analysis is grounded in the elements of the statute of conviction rather than a defendant's specific conduct." *United States v. Rodriguez*, 711 F.3d 541, 549 (5th Cir. 2013) (en banc). A court must compare the elements of the statute of conviction for the prior offense with the elements of the "generic crime" warranting a sentencing enhancement. *Descamps v. United States*, 133 S. Ct. 2276, 2281, 2284 (2013).[2] The prior conviction qualifies the defendant for a sentencing enhancement "only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.* at 2281.

When the statute of conviction is "divisible"—that is, "comprises multiple, alternative versions of the crime"—a court may apply the modified categorical approach "to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281, 2284. In doing so, a court may review

---

[2] The "generic crime" refers to "the offense as commonly understood" or as defined in the statute or Guideline warranting the sentencing enhancement, as applicable. *See Descamps*, 133 S. Ct. at 2281.

"the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."[3] *Shepard v. United States*, 544 U.S. 13, 16 (2005). "The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime." *Descamps*, 133 S. Ct. at 2281.

In the present case, the district court made a clear and obvious error when it relied solely on the PSR in concluding that Wikkerink's previous state conviction warranted sentencing enhancements under 18 U.S.C. § 2252A(b)(1) and U.S.S.G. § 4B1.5(a). *See United States v. Martinez-Vega*, 471 F.3d 559, 562 (5th Cir. 2006); *Garza-Lopez*, 410 F.3d at 274. However, we must ask "whether there is plain error at the time of appellate consideration." *Martinez-Vega*, 471 F.3d at 562. Therefore, this Court can consider the statute of conviction and the record as supplemented on appeal to determine whether the Louisiana offense of aggravated incest falls within the definitions of a qualifying "prior conviction" under 18 U.S.C. § 2252A(b)(1) and a "sex offense conviction" under U.S.S.G. § 4B1.5(a). *See United States v. Garcia-Arellano*, 522 F.3d 477, 480 (5th Cir. 2008).

## A.    Enhancement Pursuant to § 2252A(b)(1)

First, Wikkerink argues that the district court erred in concluding that his aggravated incest conviction was a qualifying "prior conviction" under 18 U.S.C. § 2252A(b)(1). Section 2252A(b)(1) generally mandates a sentence of at least 5 years and not more than 20 years of imprisonment, but the statutory minimum increases to 15 years and the statutory maximum increases to 40

---

[3] In addition, the court is "bound by the [state supreme court's] interpretation of state law, including its determination of the elements of [the crime of conviction]." *Johnson v. United States*, 559 U.S. 133, 138 (2010).

years if the defendant has a qualifying "prior conviction." A qualifying prior conviction under § 2252A(b)(1) includes a conviction "under the laws of any State relating to . . . sexual abuse." The term "sexual abuse" is not defined in § 2252A(b)(1), but this Court has previously held that sexual abuse is a generic term that must be given its ordinary, common meaning. *United States v. Hubbard*, 480 F.3d 341, 348 (5th Cir. 2007). "We have repeatedly endorsed the definition of 'sexual abuse' set forth in Black's Law Dictionary, which is 'an illegal or wrongful sex act, esp. one performed against a minor by an adult.'" *United States v. Vigil*, 774 F.3d 331, 334 (5th Cir. 2014) (quoting *Sexual Abuse*, Black's Law Dictionary (9th ed. 2009)).

When Wikkerink committed his prior offense of aggravated incest in May 1999, the statute of conviction criminalized "engaging in any [enumerated] prohibited act . . . with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of [several] biological, step, or adoptive relatives." La. Stat. Ann. § 14:78.1(A) (Supp. 1998) (repealed). The statute then enumerated a long list of prohibited acts. § 14:78.1(B). Wikkerink contends that this definition of aggravated incest is far broader than the qualifying prior convictions described in § 2252A(b)(1). However, the state court charging document and transcript of the plea colloquy show that Wikkerink pleaded guilty to aggravated incest for engaging in the following prohibited acts: "sexual battery," "indecent behavior with juveniles," and "molestation of a juvenile."[4] Accordingly, under the modified categorical approach, we must determine whether these specific versions of aggravated incest (not all of the acts described in the Louisiana statute) fall within the ordinary, common meaning of sexual abuse.

---

[4] Notably, Louisiana courts have defined each of these acts by reference to state statutes specifically punishing the offenses. *See, e.g.*, *State v. Flores*, 669 So. 2d 646, 650–51 & n.1 (La. Ct. App. 1996) (citing La. Stat. Ann. §§ 14:43.1, :81, :81.2).

In May 1999, the Louisiana offense of sexual battery was defined as:

the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender acts without the consent of the victim, or where the other person has not yet attained fifteen years of age and is at least three years younger than the offender:

(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or

(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.

La. Stat. Ann. § 14:43.1(A) (1997). The plea colloquy indicates that Wikkerink committed aggravated incest by touching his seven-year-old niece on her vagina. Thus, the elements of the version of sexual battery Wikkerink committed are (1) an intentional (2) touching of the anus or genitals of a victim who is (3) not the spouse of the offender, (4) under age fifteen, and (5) at least three years younger than the offender. *See Vigil*, 774 F.3d at 336. In addition, the crime of aggravated incest imposes an additional element requiring that the victim is a relative of the defendant. *See* La. Stat. Ann. § 14:78.1(A). These elements align with the elements of the generic definition of sexual abuse—an illegal or wrongful sex act, especially one performed against a minor by an adult. *See Vigil*, 774 F.3d at 336.

Likewise, in May 1999, the Louisiana offense of indecent behavior with juveniles was defined as "any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person." La. Stat. Ann. § 14:81(A) (1986 & Supp. 1998). For purposes of this offense, a "lewd or lascivious act" is one "which is lustful, obscene, indecent, tending to deprave

the morals in respect to sexual relations, and relating to sexual impurity or incontinence carried on in a wanton manner." *State v. Holstead*, 354 So. 2d 493, 497–98 (La. 1977). When the elements of indecent behavior with juveniles are combined with the requirement that the victim and defendant are relatives, this form of aggravated incest undoubtedly constitutes an illegal or wrongful sex act performed against a minor by an adult and thus constitutes sexual abuse. *See United States v. Duron-Rosales*, 584 F. App'x 218, 219 (5th Cir. 2014) (per curiam).

Finally, in May 1999, the Louisiana offense of molestation of a juvenile was defined as:

> the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile.

La. Stat. Ann. § 14:81.2 (1986 & Supp. 1998). In the context of this offense, Louisiana courts have defined a "lewd or lascivious act" as "an act which tends to excite lust and to deprave the morals with respect to sexual relations and which is obscene, indecent and related to sexual impurity or incontinence carried on in a wanton manner." *State v. Ragas*, 607 So. 2d 967, 972 n.2 (La. Ct. App. 1992). Thus, where the prohibited act is molestation of a juvenile, the elements of aggravated incest clearly fall within the generic definition of sexual abuse that this Court has previously endorsed—an illegal or wrongful sex act performed against a minor by an adult.

In summary, the elements of each of the versions of aggravated incest Wikkerink committed (sexual battery, indecent behavior with juveniles, and molestation of a juvenile) align with the elements of the generic definition of

8

sexual abuse previously endorsed by this Court. Thus, Wikkerink's conviction for aggravated incest constituted a prior conviction under state law relating to sexual abuse that warranted a sentencing enhancement under § 2252A(b)(1). We hold that the district court did not err in imposing a sentencing enhancement pursuant to § 2252A(b)(1) when it calculated Wikkerink's Guidelines range.

**B.    Enhancement Pursuant to § 4B1.5(a)**

### 1. Existence of an Error

Wikkerink also contends that the district court erred in concluding his aggravated incest conviction was a prior "sex offense conviction" under U.S.S.G. § 4B1.5(a). Section 4B1.5(a) provides for a sentencing enhancement "[i]n any case in which the defendant's instant offense of conviction is a covered sex crime, § 4B1.1 (Career Offender) does not apply, and the defendant committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction." A prior "sex offense conviction" is defined by reference to 18 U.S.C. § 2426(b)(1), *see* U.S.S.G. § 4B1.5 cmt. 3(A)(ii), which defines the term as a conviction:

> (A) under this chapter [117], chapter 109A, chapter 110, or section 1591; or
>
> (B) under State law for an offense consisting of conduct that would have been an offense under a chapter referred to in paragraph (1) if the conduct had occurred within the special maritime and territorial jurisdiction of the United States . . . .

18 U.S.C. § 2426.

Applying the modified categorical approach, it is apparent that each version of aggravated incest to which Wikkerink pleaded guilty (sexual battery, indecent behavior with juveniles, and molestation of a juvenile) criminalized a broader range of conduct than the corresponding offenses currently enumerated in Chapters 117, 109A, and 110 and in § 1591 of Title

No. 15-30152

18 of the U.S. Code. The closest federal analogues to Wikkerink's previous state offenses are aggravated sexual abuse (18 U.S.C. § 2241), sexual abuse (18 U.S.C. § 2242), and sexual abuse of a minor (18 U.S.C. § 2243(a)). Collectively, these federal offenses criminalize any "sexual act"[5]: (1) with a child under age twelve, *id.* § 2241(c); (2) with another person of any age "by using force against that other person" or "by threatening or placing that other person in fear," *id.* §§ 2241(a), 2241(c), 2242; (3) with another person of any age who is "incapable of appraising the nature of the conduct" or "physically incapable of declining participation," *id.* § 2242; or (4) with a minor who "has attained the age of 12 years but has not attained the age of 16 years" and "is at least four years younger than the person so engaging," *id.* § 2243(a).

When Wikkerink committed his prior offense in May 1999, the Louisiana offense of sexual battery covered a broader range of conduct than all of these federal offenses. First, sexual battery—which, as discussed above, covered any intentional touching of anus or genitals, La. Stat. Ann. § 14:43.1(A)—was broader than the federal crimes of sexual abuse under § 2242 and aggravated sexual abuse under § 2241(a)—which only cover sexual acts that involve force,

---

[5] The term "sexual act" is defined as:

(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;

(B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person . . . .

18 U.S.C. § 2246(2).

threat, or incapacity, 18 U.S.C. §§ 2241(a), 2242. Second, sexual battery covered minors who are age thirteen or fourteen, even in the absence of force, threat, and incapacity, La. Stat. Ann. § 14:43.1(A)—by contrast, aggravated sexual abuse only covers thirteen- or fourteen-year-olds if force, threat, or incapacity is involved, 18 U.S.C. § 2241(c). Third, sexual battery covered minors who were three years younger than the perpetrator, La. Stat. Ann. § 14:43.1(A), but the federal offense of sexual abuse with a minor only applies if the minor is at least four years younger than the perpetrator, 18 U.S.C. § 2243(a).

Likewise, the Louisiana offense of indecent behavior with juveniles was broader than all of the federal offenses. First, indecent behavior with juveniles—which covered any lewd or lascivious act, La. Stat. Ann. § 14:81(A)—was broader than sexual abuse under § 2242 and aggravated sexual abuse under § 2241(a)—which only cover sexual acts involving force, threat, or incapacity, 18 U.S.C. §§ 2241(a), 2242. Next, indecent behavior with juveniles covered minors who were sixteen years of age, even in the absence of force, threat, and incapacity, La. Stat. Ann. § 14:81(A)—by contrast, sexual abuse of a minor only applies to minors *under* the age of sixteen, 18 U.S.C. § 2243(a), and aggravated sexual abuse does not cover children over the age of eleven unless the sexual act involves force, threat, or incapacity, 18 U.S.C. § 2241.

Finally, the Louisiana offense of molestation of a juvenile covered a broader range of conduct than the corresponding federal offenses. First, molestation of a juvenile covered sexual acts imposed on the juvenile not only by force, violence, and threat but also "by the use of influence by virtue of a position of control or supervision over the juvenile," La. Stat. Ann. § 14:81.2—by contrast, sexual abuse under § 2242 and aggravated sexual abuse under § 2241(a) cover sexual acts involving force, threat, or incapacity but do not

11

extend to sexual acts imposed on a juvenile by using a position of control or supervision, 18 U.S.C. §§ 2241(a), 2242. Second, molestation of a juvenile covered minors who are age sixteen, even in the absence of force, threat, and incapacity, La. Stat. Ann. § 14:81.2, whereas sexual abuse of a minor only applies to minors *under* age sixteen, 18 U.S.C. § 2243(a), and aggravated sexual abuse does not cover children over the age of eleven unless the sexual act involves force, threat, or incapacity, 18 U.S.C. § 2241.

This Court has not identified any federal offenses that encompass the elements of Wikkerink's Louisiana conviction of aggravated incest. Accordingly, his previous conviction did not constitute a prior "sex offense conviction" under § 4B1.5(a), and the district court erred in applying the sentencing enhancement to the Guidelines range calculation. This error satisfies the first prong of the plain error analysis.

## 2. Clear and Obvious Error

In determining whether the district court's error is clear and obvious, "it is enough that the error be 'plain' at the time of appellate consideration." *Garza-Lopez*, 410 F.3d at 275 (quoting *Johnson v. United States*, 520 U.S. 461, 467–68 (1997)). In this case, the district court improperly relied on the PSR's characterization of the previous conviction. *See id.* Had the district court reviewed the plain language of the relevant statutory provisions to determine whether Wikkerink's previous state offense was a prior "sex offense conviction," the error in the PSR's calculation would have been apparent. Thus, the error was clear and obvious under the second prong of the plain error analysis.[6]

---

[6] In addition, the Government acknowledges that the instant offense of receiving child pornography does not constitute a "covered sex crime" because the definition of covered sex crime does not include "trafficking in, receipt of, or possession of, child pornography." *See* U.S.S.G. § 4B1.5 cmt. 2. Thus, the district court made a clear and obvious error when it applied § 4B1.5(a) to its calculation of the Guidelines range. Despite the Government's

No. 15-30152

### 3. *Effect on Wikkerink's Substantial Rights*

Although the district court made a clear and obvious error, the Government contends that the error did not affect Wikkerink's substantial rights because the district court imposed a sentence well above either the appropriately or wrongfully calculated ranges and Wikkerink has not shown that he would have received a lesser sentence if the correct range had been used. After improperly applying the sentencing enhancement under § 4B1.5(a), the PSR concluded that the Guidelines range was 180 to 210 months. Notably, the district court made an additional error during the sentencing hearing when it stated that the maximum sentence under the Guidelines was 240 months, instead of 210 months. Absent these errors, Wikkerink's total offense level would have been 26, rather than 31, and his criminal history category would have been II, rather than V. The correct total offense level and criminal history category would yield a Guidelines range of 70 to 87 months. U.S.S.G. ch. 5, pt. A. However, because of the mandatory minimum imposed by § 2252A(b)(1), Wikkerink's correct sentence according to the Guidelines would have been 180 months. U.S.S.G. § 5G1.1(b). The district court ultimately imposed a sentence of 360 months because it found that the Guidelines failed to sufficiently account for the circumstances of the case and the "very disturbing nature" of the child pornography found in Wikkerink's possession.

Ordinarily, to show that a clear and obvious error affected his substantial rights, a defendant "must 'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (quoting *United*

---

concession, however, Wikkerink's brief does not raise the argument that the instant offense was not a covered sex crime for purposes of § 4B1.5. Thus, Wikkerink has waived any argument that § 4B1.5 was inapplicable due to the nature of the instant offense. *United States v. Montgomery*, 747 F.3d 303, 312 n.8 (5th Cir. 2014) (holding that a party waived an argument by failing to brief it on appeal).

No. 15-30152

*States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)). In *Molina-Martinez*, the Supreme Court held that "[w]hen a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Id.* at 1345. The Supreme Court noted that district courts "*must* begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Id.* (quoting *Peugh v. United States*, 133 S. Ct. 2072, 2083 (2013)). "Even if the sentencing judge sees a reason to vary from the Guidelines, if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, *then the Guidelines are in a real sense the basis for the sentence.*" *Id.* (internal quotation marks omitted) (quoting *Peugh*, 133 S. Ct. at 2083).

Importantly, the Supreme Court in *Molina-Martinez* explained that there are certain "unusual circumstances" wherein, "despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist." *Id.* at 1346–47. "The record in a case may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Id.* at 1346. If the district court's explanation for the sentence "make[s] it clear that the judge based the sentence he or she selected on factors independent of the Guidelines," the application of an erroneous Guidelines range will be insufficient to show a reasonable probability of a different outcome absent the error. *Id.* at 1347.

This Court's decision in *United States v. Dickson* is instructive. 632 F.3d 186 (5th Cir. 2011). In *Dickson*, the Guidelines range was incorrectly calculated as 360 to 840 months, and the district court imposed a sentence of 840 months, which was also the maximum sentence permitted under the statute of conviction. *Id.* at 188, 191. The correct Guidelines range was 235 to 293

months. *Id.* at 190–91. However, in imposing the sentence, the district court noted that the defendant had an extensive criminal history and was "one of the most vicious predators on children [the district court] had ever encountered." *Id.* at 191 (internal quotation marks omitted). The district court "believed that no term of imprisonment would likely deter him from engaging in child molestation," and therefore, "a reasonable sentence . . . would be one that would ensure to the maximum possible extent that this defendant will never be free in society again." *Id.* (internal quotation marks omitted). The fact that the district court believed the defendant should receive the maximum sentence allowed by the statute of conviction and imposed that maximum statutory sentence made clear that the district court had based the sentence it selected on factors independent of the Guidelines. *See id.* at 191–92. Accordingly, this Court held that the defendant had not shown there was "a reasonable probability that he would have received a lesser sentence absent the error." *Id.*

Unlike the court in *Dickson*, however, the district court's explanation in the instant case did not make clear that the district court based the sentence on factors independent of the Guidelines. The district court imposed a sentence of 360 months, a sentence which is halfway between what the district court apparently believed to be the top of the Guidelines range (240 months) and the maximum sentence permitted under the statute of conviction (480 months). This suggests that the district court used the Guidelines range as a reference point in determining the appropriate sentence.

The district court did note that it would be reasonable to impose a "non-Guideline sentence" above the recommended range based on its consideration of 18 U.S.C. § 3553(a). Section 3553(a) lists the various factors a court should consider in imposing a sentence, only one of which is the applicable Guidelines range. But even a "district court contemplating a non-Guidelines sentence 'must consider the extent of the deviation and ensure that the justification is

sufficiently compelling to support the degree of the variance.'" *Peugh*, 133 S. Ct. at 2083 (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). Thus, in the normal course, a non-Guideline sentence still uses the Guidelines range as a reference point. *See Molina-Martinez*, 136 S. Ct. at 1345. Moreover, the district court indicated that U.S.S.G § 5K2.0(a)(3) was another potential basis for an upward departure from the Guidelines range calculated in the PSR. Section 5K2.0(a)(3) allows for an upward departure from the otherwise applicable range based on circumstances present to a degree not adequately taken into consideration by the range. An upward departure pursuant to § 5K2.0(a)(3) is undoubtedly based on the Guidelines.

Thus, it appears that the district court used the Guidelines range as the beginning point to explain the decision to deviate from it, and the Guidelines appear to have been one of the bases for the sentence imposed. *See Molina-Martinez*, 136 S. Ct. at 1345. At the very least, the district court's explanation did not make clear that the district court based the sentence it selected on factors independent of the Guidelines. *See id.* Accordingly, *Molina-Martinez* controls in this case, and we hold that the error in the calculation of the Guidelines range was sufficient by itself to show a reasonable probability of a different outcome absent the error. Thus, the error affected Wikkerink's substantial rights under the third prong of the plain error analysis.

### 4. Effect on the Fairness, Integrity, or Public Reputation of Judicial Proceedings

Having found the first three prongs satisfied, this Court may exercise its discretion to reverse the sentence only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). "[W]e do not view the fourth prong as automatic if the other three prongs are met." *United States v. Escalante-Reyes*, 689 F.3d 415, 425 (5th Cir. 2012) (en banc). This Court has rejected "a blanket

rule that once prejudice is found under the [third plain error prong], the error invariably requires correction." *Id.* (quoting *United States v. Reyna,* 358 F.3d 344, 352 (5th Cir. 2004) (en banc)). Instead, this Court's discretion to correct the sentence "should be employed in those circumstances in which a miscarriage of justice would otherwise result." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). "The fourth prong is meant to be applied on a case-specific and fact-intensive basis." *Puckett*, 556 U.S. at 142.

During Wikkerink's sentencing hearing, the district court stated that the offense was "quite troubling" and explained, "I don't know, frankly, that the Guidelines correctly captured the nature and extent of the behavior in this defendant's collection of child pornography." The district court described the disturbing images and videos found in connection with Wikkerink's internet protocol address and found on a computer seized from his residence. Moreover, the district court noted that Wikkerink had previously been convicted of aggravated incest for molesting his seven-year-old niece. Accordingly, the district court concluded that the 360-month sentence was "a just and reasonable sentence under the history and characteristics of this defendant, the nature and circumstances of the instant offense, the need to afford adequate deterrence to future criminal conduct by this defendant, as well as the need to protect the public from further crimes of the defendant."

We conclude that affirming the district court's 360-month sentence would not result in a miscarriage of justice. The district court's reasoning during the sentencing hearing suggests that it did not think a sentence within the erroneous Guidelines range of 180 to 240 months was sufficient in this case. Rather, the district court believed a sentence well above 240 months was just and reasonable based on Wikkerink's criminal history and the large number of disturbing images and videos. The district court also believed a 360-month sentence was necessary to deter Wikkerink from engaging in future

criminal conduct and to protect the public from further crimes by Wikkerink. Thus, we are not convinced that the district court's error in this case seriously affects the fairness, integrity, or public reputation of judicial proceedings. We decline to exercise our discretion to correct the error.

## IV. CONCLUSION

For the reasons stated above, we AFFIRM the sentence imposed by the district court.