# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2018

Lyle W. Cayce
Clerk

No. 17-20025
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEFANO GUIDO VITALE, also known as Steven Michael Vincent Palizzi, also known as Steven Nakayama, also known as Steve,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-68-1

Before JONES, SMITH, and COSTA, Circuit Judges.

PER CURIAM:[*]

Stefano Guido Vitale was convicted of one count of conspiracy to commit wire fraud, mail fraud, and bank fraud; one count of conspiracy to commit money laundering; one count of wire fraud; and seven counts of aiding and abetting wire fraud. He was sentenced to a total of 262 months of imprisonment and three years of supervised release and ordered to pay

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20025

$6,177,069.11 in restitution.  In his sole claim of error on appeal, he contends that the district court erred in applying the U.S.S.G. § 2B1.1(b)(11) enhancement for the use or production of an authentication feature on the basis that a coconspirator used fictitious Internal Transaction Numbers.

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error.  *United States v. Hernandez*, 876 F.3d 161, 164 (5th Cir. 2017).  Vitale does not brief the district court's application of the § 2B1.1(b)(11) enhancement on the alternative basis that he used an authentication feature by using someone else's driver's license as an identification document in an attempt to defraud a factoring company.  He has therefore waived any challenge to the application of the enhancement on this alternative basis.  *See United States v. Wikkerink*, 841 F.3d 327, 336 n.6 (5th Cir. 2016).  Moreover, the district court did not err in applying the enhancement on this alternative basis.  *See* § 2B1.1(b)(11)(A)(ii).

The judgment of the district court is AFFIRMED.