# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2020

Lyle W. Cayce
Clerk

No. 18-10959

United States of America,

*Plaintiff—Appellee*,

*versus*

Terroderick Watts, *also known as* Silk,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-264-3

Before Dennis, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Terroderick Watts pleaded guilty under 18 U.S.C. § 371 to conspiring to use a facility of interstate commerce in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952(a)(2) ("Count One") and conspiring to commit sex trafficking in violation of 18 U.S.C. § 1594(c), as defined in 18 U.S.C. § 1591(a)(l) and (a)(2) ("Count Two"). He was sentenced to two

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

consecutive 60-month prison terms and three years of supervised release. On appeal, Watts raises four issues challenging his conviction and sentence. We AFFIRM, but order that the judgment be modified to reflect conviction under § 1952(a)(3) rather than § 1952(a)(2). *See United States v. Castro-Trevino*, 464 F.3d 536, 543 (5th Cir. 2006).

## I.

First, Watts argues on two grounds that the district court erred in accepting his guilty plea to Count One because there was an insufficient factual basis for the conviction. Because Watts raises these arguments for the first time on appeal, we review the judgment for plain error. *See Castro-Trevino*, 464 F.3d at5 41. To prevail, Watts must show an error that is clear or obvious that affected his substantial rights. *Id.* To establish that his substantial rights were affected, he "must show a reasonable probability that, but for the error, he would not have entered the plea." *Id.* (internal quotation marks and citation omitted). Even if the required showing is made, this court will not correct the error unless it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted). On plain error review, courts assessing the sufficiency of the factual basis "may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction." *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).

## A.

Count One charged Watts with conspiracy to violate 18 U.S.C. § 1952(a)(2). Conviction under this statute requires, as is pertinent to this case, 1) the use of a facility in interstate commerce, 2) with intent to commit a crime of violence, 3) to further unlawful activity. The government's charge identified a cellphone as the facility of interstate commerce and sex trafficking under § 1591(a) as the violent crime intended to be committed, the

unlawful activity to be furthered, or both. Watts argues that the conduct satisfying the crime of violence requirement must be distinct from the conduct satisfying the unlawful activity requirement.

A review of the record reveals no other distinct conduct which could satisfy the crime of violence requirement, and the Government does not argue that any such conduct exists. However, it argues that Watts cannot show that the district court plainly erred in finding that the same conduct could fulfill both requirements because the issue is subject to reasonable dispute. We agree. A showing of reasonable dispute is insufficient to establish clear or obvious error. *See United States v. Alvarado-Casas*, 715 F.3d 945, 952 (5th Cir. 2013) ("[I]f the district court's factual basis finding is subject to reasonable dispute, . . . a district court's error in accepting the guilty plea is not plain." (internal quotation marks and citation omitted)). Watts has identified no controlling circuit law requiring different, distinct conduct to satisfy the crime of violence and unlawful activity components. The Government likewise identifies no Fifth Circuit precedent, but points to the Fourth Circuit's holding in *United States v. Lee*, 726 F.2d 128, 131-32 (4th Cir. 1984), which indicates that the same conduct may satisfy both elements. As such, the district court's finding that the factual basis for Watts' plea to Charge One was adequate on this issue is subject to reasonable dispute, and Watts cannot show that the district court plainly erred. *See United States v. Miller*, 665 F.3d 114, 136 (5th Cir. 2011) ("Because our law is unsettled, and the law of our sister circuits is not uniformly in the defendant's favor, plain error is not demonstrated.").

## B.

Watts next argues that, even if the same conduct can satisfy both the crime of violence and unlawful activity requirements, § 1591(a) sex trafficking does not qualify as a crime of violence under 18 U.S.C. § 16.

No. 18-10959

For purposes of § 1952(a)(2) offenses, the term "crime of violence" is defined in § 16, which includes an elements clause, § 16(a), and a residual clause, § 16(b). *See United States v. Gonzalez-Longoria*, 831 F.3d 670, 676 n.6 (5th Cir. 2016) (en banc), *abrogated on other grounds by Sessions v. Dimaya*, 138 S. Ct. 1204, 1214-16 (2018). In *Dimaya*, the United States Supreme Court found the § 16(b) residual clause to be unconstitutionally vague. 138 S. Ct. at 1214-16. As such, to qualify as a crime of violence under § 1952(a)(2), Watts' crime would need to satisfy the elements clause of § 16(a), which requires that the offense have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." However, the Government argues that even if this court were to find that Watts' § 1591(a) offense is not a crime of violence and that the district court thus plainly erred, Watts cannot show that it affected his substantial rights. We agree.

The Government argues that even if Watts' § 1591(a) offense is not a crime of violence, there was an adequate factual basis to support a conviction for conspiracy to violate 18 U.S.C. § 1952(a)(3), which it maintains is a lesser included offense of 18 U.S.C. § 1952(a)(2), the crime to which Watts pleaded.[1] Section 1952(a)(3) contains no crime of violence requirement, demanding in pertinent part only the use of a facility in interstate commerce with intent to "promote, manage, establish, carry on, or facilitate the promotion, management, establishment or carrying on of any unlawful activity." *See* § 1952. If convicted for conspiracy to violate § 1952(a)(3), Watts would have faced the same statutory and guidelines penalty range as

---

[1] A defendant may properly be found guilty of a lesser included offense, even if that lesser offense is not specifically alleged in the charging document. *See Castro-Trevino*, 464 F.3d at 542-44; *see also* FED. R. CRIM. P. 31(c)(1) (providing that "[a] defendant may be found guilty of . . . an offense necessarily included in the offense charged").

he did for his conviction for conspiracy to violate § 1952(a)(2). *See* 18 U.S.C. § 371; U.S.S.G. § 2E1.2. This court has held that a defendant's substantial rights are not adversely affected where the record shows guilt of a lesser-included offense and the defendant faces the same statutory and guidelines range. *See Castro-Trevino*, 464 F.3d at 544-47. Here, the facts stipulated to by Watts support a conviction for conspiracy to violate § 1952(a)(3). As such, if § 1952(a)(3) is indeed a lesser included offense to § 1952(a)(2), Watts cannot show that this potential *Dimaya* error affected his substantial rights.

This court has not yet addressed whether § 1952(a)(3) is a lesser included offense of § 1952(a)(2). However, in *Lee* the Fourth Circuit noted the overlap between § 1952(a)(2) and (a)(3), stating that "it is impossible to conceive of any crime of violence capable of furthering an unlawful activity that was not also conduct that 'carries on' the unlawful activity." 726 F.2d at 132. We agree that § 1952(a)(3) logically must be a lesser included offense of § 1952(a)(2). As such, we hold that even if the district court erred in finding that Watts' sex trafficking offense could satisfy § 1952(a)(2)'s crime of violence requirement, Watts cannot show that this potential error affected his substantial rights. We thus order that the judgment be modified to reflect conviction for the lesser included offence of § 1952(a)(3). *See Castro-Trevino*, 464 F.3d at 543.

## II.

Next, Watts argues that if the crime of violence and unlawful activity requirements in § 1952(a)(2) need not be distinct, and that sex trafficking qualifies as a crime of violence under § 16(a), then his conspiracy convictions in Counts One and Two are multiplicitous and his two 60-month consecutive sentences punish him twice for the same offense. By pleading guilty and failing to challenge the charges as multiplicitous in the district court, Watts waived the right to challenge his convictions on appeal. *See United States v.*

*Njoku*, 737 F.3d 55, 67 (5th Cir. 2013). Nonetheless, he may challenge the multiplicity of his consecutive sentences, as distinguished from his convictions, for the first time on appeal. *Id.* Plain error review applies when a defendant forfeits a claim of error by failing to raise it in the district court. *United States v. Wikkerink*, 841 F.3d 327, 331 (5th Cir. 2016). Conversely, when a claim of error is intentionally relinquished, it is waived and, therefore, unreviewable on appeal. *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006).

The Government argues that Watts intentionally relinquished the argument that his consecutive sentences on Counts One and Two punish him for a single offense by agreeing in the factual resume for his guilty plea that he faced a maximum potential 5 year sentence on both counts, for a total of a potential 10-year prison term. We agree.

While claims of multiplicity stem from the Double Jeopardy Clause's proscription against multiple sentences for the same offense, *United States v. Vasquez*, 899 F.3d 363, 381 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1543 (2019), a criminal defendant's rights afforded by the Double Jeopardy Clause may be waived. *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995) (citing *Ricketts v. Adamson*, 483 U.S. 1, 10 (1987)). Although this court has not yet held clearly that Watts' agreement to the sentencing provisions in his factual resume qualify as waiver of this issue on appeal, at least one other circuit has found this sufficient to find waiver in a case involving a plea agreement. *See United States v. Mortimer*, 52 F.3d 429, 435 (2d Cir. 1995) (holding that defendant waived double jeopardy challenge by signing plea agreement to enter plea to two felonies and to receive consecutive sentences); *accord Dermota v. United States*, 895 F.2d 1324, 1325 (11th Cir. 1990). Additionally, in an analogous case, this court held, inter alia, that a defendant convicted of drug possession waived his rights under 21 U.S.C. § 851, which requires the Government to give notice of its intent to rely on a prior conviction to seek a

No. 18-10959

sentencing enhancement, by agreeing to a sentencing range that included an enhancement and by accepting a plea agreement to avoid the risk of another charge. *United States v. Dodson*, 288 F.3d 153, 162 (5th Cir. 2002).

Here, the record demonstrates that Watts pleaded guilty to Counts One and Two in order to avoid the potential of harsher penalties, and that the charges to which Watts ultimately pleaded were structured so as to reduce Watts' sentencing exposure from a range of ten years to life to a range of zero to ten years. Watts' agreement with the factual resume demonstrates his understanding that by pleading to both counts, both of which had a statutory maximum of five years, he agreed that the court could impose consecutive sentences on those counts. By doing so, Watts received the significant benefit of reducing his sentencing exposure from ten years to life to a maximum of ten years. On these facts, we find that Watts affirmatively waived any argument against receiving consecutive sentences on Counts One and Two.

## III.

Third, Watts argues that the facts in the charging document and factual resume do not support the statements and calculations contained in his PSR. Improperly calculating the applicable guidelines range constitutes procedural error, though this court will not vacate any sentence on that ground if the improper guidelines calculation did not affect the selection of the imposed sentence. *United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012) (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992). Because Watts did not raise these assertions in the district court, plain error review applies. *Cf. Wikkerink*, 841 F.3d at 331.

## A.

Watts indicates that the PSR incorrectly states that he pleaded guilty under 18 U.S.C. § 371 to both § 1591(a) and (b)(2), whereas his factual

7

resume does not reflect a plea to § 1591(b)(2).  Watts asserts that neither the factual resume nor the charging document state that he trafficked victims under the age of 14 in violation of § 1591(b)(2).  We find that even if the PSR's reference to § 1591(b)(2) represents plain error, Watts cannot show that it affected his substantial rights.  *Cf. Wikkerink*, 841 F.3d at 336-38.

The PSR makes the challenged statement regarding § 1591(b)(2) in calculating Watts' base offense level.   The sentencing guideline for conspiracy, U.S.S.G. § 2X1.1, directs that the proper base offense level for conspiracy is derived from the level applicable to the substantive offense the defendant conspired to commit.  U.S.S.G. § 2X1.1(a) (2016).  Thus, Watts' base offense level was properly calculated under U.S.S.G. § 2G1.3, the guidelines governing coercive sex trafficking of minors.   Section 2G1.3 applies to all § 1591 offenses involving minors of all ages.  *See* § 2G1.3 cmt. (2016).

As to the particular paragraph of § 2G1.3(a) that Watts' PSR applied, the district court did not assess the higher base offense level at § 2G1.3(a)(2) which is applicable to convictions under § 1591(b)(2); rather, it assessed the lowest base offense level at § 2G1.3(a)(4), which is applicable to § 1591 offenses that do not fall under any of the enumerated provisions.  *See* § 2G1.3(a)(2), (4).  Accordingly, even if the PSR's reference to § 1591(b)(2) was plain error, Watts has not shown that this error resulted in a higher or incorrect guidelines range or otherwise affected the outcome of his proceedings. *Cf. Wikkerink*, 841 F.3d at 337.

**B.**

Watts also argues that the PSR incorrectly applied three guidelines enhancements when calculating the applicable guidelines range.  First, he argues that the PSR incorrectly applied the two-level enhancement of § 2G1.3(b)(2)(B) based on a finding that a conspirator "unduly influenced a

minor to engage in prohibited sexual conduct," when there was nothing about the age of the victims in his factual resume or the charging document. Second, Watts argues that the PSR incorrectly applied the two-level enhancement of § 2G1.3(b)(3)(B) based on a finding that his offense involved the use of a computer, when nothing in the amended superseding information states that he used a computer to post advertisements in committing the sex trafficking offense. Third, he argues that there was inadequate support for the five-point enhancement of U.S.S.G. § 4B1.5(b)(1) (2016) because his amended superseding information mentioned only one victim, and § 4B1.5(b)(1) applies only when a defendant has engaged in a pattern of activity involving prohibited sexual conduct.

The district court has wide discretion to determine what evidence to consider at sentencing. *United States v. Andaverde-Tinoco*, 741 F.3d 509, 525 (5th Cir. 2013). It may rely on information contained in the PSR if it has "an adequate evidentiary basis with sufficient indicia of reliability." *United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014) (internal quotation marks and citation omitted). To successfully challenge the facts contained in the PSR, the defendant must present competent evidence demonstrating that the information is "materially untrue, inaccurate or unreliable." *United States v. Koss*, 812 F.3d 460, 469 (5th Cir. 2016) (internal quotation marks and citation omitted).

At sentencing, Watts disputed, and had successfully amended, certain of the PSR's findings. However, unchallenged PSR findings state that three female minors[2] were recovered from a hotel room rented by Watts, one of

---

[2] On appeal Watts argues that the PSR's references to minor victims 2 and 3 are in error as the charging document to which he pleaded referenced only minor victim 1. However, he did not object to the inclusion of all three victims in the PSR and here provides

whom was under 13 years old, that Watts rented hotels rooms during the conspiracy knowing that they would be used for commercial sex acts performed by the three victims, that Watts was 27 years old at the time, that advertisements for commercial sex acts were posted online via a computer or analogous device during the conspiracy, and that Watts, by renting the hotel rooms, engaged "in a pattern of activity that involved the prohibited sexual conduct" of the victims "on multiple occasions."

In light of these uncontested facts, the district court did not plainly err in applying any of the three challenged sentence enhancements. First, there is a rebuttable presumption that a minor victim was unduly influenced for purposes of the § 2G1.3(b)(2)(B) enhancement if a participant is at least 10 years older than the minor. *See* § 2G1.3 cmt. n.3(B). Watts does not challenge the fact that, at the time of the offense, he was 27 and one of the minor victims was 13.

Next, even if Watts did not use a computer to post advertisements for sex services himself, § 2G1.3(b)(3)(B) permits an enhancement "[i]f the offense involved the use of a computer or an interactive computer service." The commentary to the Guidelines defines "offense" to mean "the offense of conviction and all relevant conduct under [U.S.S.G.] § 1B1.3." U.S.S.G. § 1B1.1 cmt. n.1(I). Where there is "jointly undertaken criminal activity," relevant conduct includes the acts and omissions of others if they were "within the scope of the jointly undertaken criminal activity," "in furtherance of that criminal activity," "reasonably foreseeable in connection with that criminal activity" and, as relevant here, if they "occurred during the commission of the offense." U.S.S.G. § 1B1.3(a)(1)(B) (2016). The PSR

---

no evidence to rebut the evidence in the PSR regarding victims 2 and 3, which is well supported by the record.

shows that advertisements were placed as part of the sex trafficking conspiracy. Watts does not argue that his conspirators did not place the advertisements or that placement of the advertisements did not qualify as relevant conduct. Thus, he has not shown clear or obvious error in the district court's assessment of this sentencing enhancement.

Finally, § 1591 offenses are covered sex crimes for purposes of the pattern-of-activity enhancement. U.S.S.G § 4B1.5 cmt. n.2(A)(iv). The record shows Watts' involvement in the sex trafficking activity on multiple occasions by, inter alia, renting hotel rooms that he knew would be used by three minors; thus, the district court did not plainly err in assessing the § 4B1.5(b)(1) enhancement.

## C.

Additionally, Watts argues that the district court should have grouped Counts One and Two for the purposes of sentencing. In fact, the district court *did* group the counts. Watts similarly argues that the district court erred in determining his criminal history category by failing to treat his two prior robbery offenses as a single sentence as there was no intervening arrest between the offenses and the sentences were imposed on the same day. *See* U.S.S.G. § 4A1.2(a)(2) (2016). However, the record shows that the PSR does treat these two offenses as a single sentence.[3] As such, Watts can show no plain error in the court's purported failure to group Counts One and Two

---

[3] The confusion here may be due to the application of U.S.S.G. § 4A1.1(e), which instructs courts to add one point to the criminal history score "for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under [§ 4A1.1](a), (b), or (c) . . . because such sentence was treated as a single sentence." Watts received a total of four criminal history points for these two offenses; three for the combined sentence under § 4A1.1(a), and one for the second robbery offense under § 4A1.1(e). Watts does not argue that the second robbery offense does not qualify as a crime of violence under § 4A1.1(e).

No. 18-10959

nor in its purported failure to treat his two prior robbery offenses as a single sentence.

## IV.

Finally, Watts argues that his judgment conflicts with the district court's oral pronouncement of his sentence because the judgment includes two special conditions of supervised release[4] that were not pronounced at sentencing. This court has held that any unpronounced special conditions must be stricken from the written judgment on remand to the sentencing court. *United States v. Rivas-Estrada*, 906 F.3d 346, 348 (5th Cir. 2018). However, in *United States v. Diggles*, we held that a district court's oral adoption of the PSR which included the contested special conditions satisfied its pronouncement obligations, particularly as the defendant had advance notice of the conditions. 957 F.3d 551, 560-61 (5th Cir. 2020) (en banc) ("Oral in-court adoption of a written list of proposed conditions provides the necessary notice."). Here, prior to sentencing, the court provided Watts and his counsel with a document titled "Order Setting Additional Terms of Supervised Release" that disclosed the two challenged special conditions. Watts concedes that he and his counsel reviewed and signed the document. At sentencing, the district court confirmed that counsel reviewed with Watts the special conditions included in the judgment, and Watts did not object to the special conditions. As such, Watts was not "blindsided" when the challenged conditions appeared in his judgment. *Diggles*, 957 F.3d at 559. Accordingly, the district court did not plainly err[5] by including the two

---

[4] These conditions prohibit Watts from possessing pornographic matter and from contacting the victims of his crimes.

[5] Watts argues that he had no opportunity to object to the special conditions at sentencing, and as such the standard of review is properly abuse of discretion. *Diggles*, 957 F.3d at 559. But the "opportunity [to object] exists when the court notifies the defendant at sentencing that conditions are being imposed." *Id.* at 560. *Diggles* held that this notice

12

No. 18-10959

challenged conditions in the written judgment, even though the conditions were not pronounced word-for-word during the sentencing hearing. *See id.* at 562 (rejecting requirement for a "word-for word recitation of each condition").

## V.

For the foregoing reasons, Watts' conviction and sentence are AFFIRMED.

---

was given by the court "telling [the defendants] that it was adopting the PSR's proposed conditions" which it confirmed that the defendants had reviewed. *Id.* Similarly, this notice was given to Watts when the court confirmed that he had had the opportunity to review the special conditions in the "Order Setting Additional Terms of Supervised Release" and ordered that those conditions be imposed. As such, Watts did have an opportunity to object and the proper standard of review is for plain error.