# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2021

Lyle W. Cayce
Clerk

No. 20-50810
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAUL CAMACHO-GONZALEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-81-1

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Raul Camacho-Gonzalez appeals the sentence imposed following his guilty plea conviction for possession of a firearm by an alien, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2), and illegal reentry into the United States following removal, in violation of 8 U.S.C. § 1326(a) and (b)(2).

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50810

Camacho-Gonzalez asserts that the district court incorrectly calculated his criminal history score when it assessed two criminal history points, rather than just one, for his 2016 sentence to time served. He contends that the presentence report contained insufficient evidence to show that he served at least 60 days in prison before he was removed from the United States. The Government was granted leave to supplement the record on appeal with court documents from Camacho-Gonzalez's 2012 and 2016 convictions.

As Camacho-Gonzalez concedes, he failed to object in the district court to the assessment of two criminal history points for his 2016 sentence. Thus, we review his challenge under the plain-error standard. *See United States v. Wikkerink*, 841 F.3d 327, 331 (5th Cir. 2016). To satisfy that standard, Camacho-Gonzalez must show a (1) forfeited error (2) that is clear or obvious and (3) affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original) (internal quotation marks and citation omitted). Because the relevant issue is "whether there is plain error at the time of appellate consideration," we consider the record as supplemented on appeal. *Wikkerink*, 841 F.3d at 332 (internal quotation marks and citation omitted).

Camacho-Gonzalez's argument is belied by the supplemented record on appeal. As the Government correctly contends, the record shows that Camacho-Gonzalez was in pretrial custody from February 9, 2016, to July 20, 2016, well over 60 days, before he was sentenced to time served and removed from the United States. His pretrial custody, which was credited as time served by the district court at sentencing, qualifies as a "sentence of imprisonment" for purposes of assigning criminal history points under U.S.S.G. § 4A1.1(b). *See United States v. Fernandez*, 743 F.3d 453, 456-57 (5th Cir. 2014); *see also* U.S.S.G. § 4A1.2, comment. (n.2). Finally, the

No. 20-50810

record was unambiguous as to his pretrial custody being fully credited to the 2016 conviction and not a different offense. *Cf. United States v. Carlile*, 884 F.3d 554, 558 (5th Cir. 2018). Accordingly, the district court did not plainly err in assessing two criminal history points for Camacho-Gonzalez's 2016 sentence to time served. *See Puckett*, 556 U.S. at 135.

AFFIRMED.