# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2023

Lyle W. Cayce
Clerk

No. 23-30100
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Brian W. Chappell,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:22-CR-37-1

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Brian W. Chappell pled guilty to possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d), and possession of a firearm without a serial number in violation of 26 U.S.C. § 5861(i). The firearms cited in the offenses of conviction were firearm silencers. Chappell was sentenced to 46

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

months of imprisonment and three years of supervised release. He now appeals, challenging his sentence.

The undisputed facts recounted in Chappell's presentence report show that he was stopped by police while driving his tow truck. In the cab of the truck was a box addressed to Chappell. The contents included 168 grams of methamphetamine, digital scales, and plastic baggies. The silencers cited in the conviction offenses were found in exterior storage compartments of the tow truck.[1] The silencers were in, or could readily have been put in, operating condition, and there were other firearms in the exterior storage compartments with the silencers. In determining Chappell's guidelines range, the probation officer applied the cross-reference under U.S.S.G. § 2K2.1(c)(1)(A) to U.S.S.G. § 2X1.1, which resulted in the application of U.S.S.G. § 2D1.1, the Guideline addressing drug-trafficking offenses.

Chappell unsuccessfully objected to the application of Section 2K2.1(c)(1). His objection was that the adjusted offense level was the same whether his guidelines range was calculated under Section 2K2.1 or Section 2D1.1 because the probation officer had erroneously calculated his adjusted offense level under Section 2D1.1. In his sole issue on appeal, Chappell contends that the district court erred in imposing the cross-reference under Section 2K2.1(c)(1) because there was no connection between his possession of the silencers and his possession of the drugs. This argument is different from the one he raised in the district court, and we review it only for plain error. *See United States v. Hill*, 63 F.4th 335, 364 (5th Cir. 2023); *United States v. Wikkerink*, 841 F.3d 327, 331 (5th Cir. 2016).

---

[1] The record supports a finding that the exterior storage compartments were locked when Chappell left his home following a hurricane, but it is silent as to whether the storage compartments were still locked a month later when he was pulled over by police.

Firearm silencers are firearms as defined in 26 U.S.C. § 5845(a)(7), 18 U.S.C. § 921(a)(3)(C), and U.S.S.G. § 2K2.1 cmt. n.1. Pursuant to the commentary to Section 2K2.1, subsection (c)(1) applies "if the firearm or ammunition facilitated, or had the potential of facilitating," another felony offense. § 2K2.1 cmt. n.14(A). In cases like this one, where a drug-trafficking offense is involved, the cross-reference should apply if the "firearm is found in close proximity to drugs . . . or drug paraphernalia." § 2K2.1 cmt. n.14(B)(ii). We have stated that the "in connection with" language of Section 2K2.1(c) requires a functional nexus. *United States v. Mitchell*, 166 F.3d 748, 756 (5th Cir. 1999). The factual finding of a connection between the firearm and another offense is reviewed for clear error. *See id.* at 754 n.24.

The record does not support Chappell's contention that the district court applied the cross-reference based on his possession of any firearm other than the two silencers that were cited in the offenses of conviction. In overruling Chappell's objection to the application of the cross-reference and finding that the probation officer had correctly calculated Chappell's guidelines sentencing range, the district court implicitly adopted the factual findings necessary to conclude that Section 2K2.1(c)(1)(A)'s cross-reference applied. *See United States v. Anderson*, 174 F.3d 515, 526 n.3 (5th Cir. 1999).

The district court's determination that there was a sufficient connection between Chappell's possession of the firearm silencers and the drug-trafficking offense to establish the necessary functional nexus "is plausible in light of the record read as a whole," and is therefore not clearly erroneous. *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005); *Mitchell*, 166 F.3d at 756. Accordingly, the district court did not err, plainly or otherwise, in applying Section 2K2.1(c)'s cross-reference.

AFFIRMED.